# Highland Av. & Belt R. R. Co. v. Dusenberry.

*Action Against Railroad Company for Injury causing Death of Employee.*

1. *Sufficiency of averment in complaint charging employment by defendant.*—The allegation of a complaint that the injury occurred on defendant's road, on which it was at the time operating hand cars, that plaintiff's intestate was engaged as an employee thereon, that Hicks was the foreman in charge of the hand car upon which plaintiff's intestate was hurt, are sufficient to show that Hicks was at the time the foreman of defendant.

2. *Finding of court referred to certain count.*—Where there is a finding by the court for the plaintiff upon several counts, some of which are technically faulty and one free from doubt, the finding of the court will be referred to the good count.

APPEAL from Birmingham City Court.
Tried before the Hon. W. W. Wilkerson.
The facts of this case appear in 94 Ala. 413, on former appeal.

ALEX. T. LONDON, for appellant, cited: *Ensley Ry. Co. v. Chewning*, 93 Ala. 24; *Hollman's Case*, 84 Ala. 133; *Brock v. S. & N. R. R. Co.*, 65 Ala. 79; *K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 412.

M. N. WHITAKER, for appellee, cited 98 Ill. 638; 17 Mo. App. 212; 5 Am. St. Rep. 243; 22 State Rep. 459.

HEAD, J.—Action for wrongful injury causing death. The defendant demurred to the first, second and third counts of the complaint, interposing to each count, among others, the following ground of demurrer : "That it does not appear from said count that the injuries complained of were caused by the negligence of the defendant or any one for whose negligence defendant is responsible." The argument is that the allegations do not show that the persons charged with committing the acts of negligence or wrong, were in the defendant's service, or acting under its employment or authority, at the time. It is alleged that the injury occurred on the 16th day of November, 1889, and that, on that day, defendant was engaged in operating a railroad in the carriage of freight and passengers, and operated hand cars on its line of road for the purpose of transporting its employees and laborers and material over its said line of road; that intestate was a section hand on said railroad, employed by the defendant, and whilst in the discharge of duty as such, on said day, while riding on one of defendant's hand cars on said road, was injured by a rear end collision of another hand car being run over the road, with the one on which he was riding, causing his death. The negligence charged in the first count, after stating the above facts, is stated in the following language : "each of said cars being under the superintendence of J. N. Hicks, the foreman in charge, and by the allowance of the foreman aforesaid said cars were being run at a rapid and reckless rate of speed, to-wit, twenty miles per hour, and in close and reckless proximity to each other, to-wit, fifty feet, plaintiff avers that by the carelessness and negligence of the foreman in charge in allowing said cars to run at such a high rate of speed and in such close proximity one to the other the same collided, or the rear car ran into the front car, throwing or knocking plaintiff's intestate between said cars, so injuring," &c., causing his death. This is, in substance, all of this count.

Though the pleading is loose, to a degree raising question of its sufficiency, yet we hold that the allegation that the

[Beitman v. Steiner Bros.]

injury occurred on the defendant's road on which it was at the time operating hand cars, and on one of defendant's hand cars, on which intestate, as an employee of defendant, was at the time engaged in the duties of his employment, and that Hicks was the foreman in charge of said car, are sufficient to show that Hicks was at the time the foreman of the defendant. The demurrer was properly overruled.

The second and third counts show, by direct averments, the necessary relations between the persons to whom the negligence is imputed and the defendant, to charge the latter with responsibility for their acts; and the demurrers to these counts were properly overruled. We think there is nothing in any of the other grounds of demurrer.

There does not appear to have been a real controversy, on the facts, as to whether the injury occurred on the defendant's road, or that the servants alleged to have been negligent were those of the defendant engaged in its business. Several of the witnesses testified that it occurred, and that the servants were working on the Highland Avenue and Belt Railroad. In the absence of a more pointed issue, on the trial, upon these questions, we think the court was justified in its findings upon them.

The finding of the court for the plaintiff may, under the evidence, be well referred to the first count which counts upon the negligence of the foreman in charge of the two cars. Hence, it is unnecessary to consider whether the servants operating the rear car were technically in charge of that car, within the meaning of the statute, or not.

This disposes of all the assignments of error insisted on in argument. We find no error in the record and the judgment is affirmed.

Affirmed.