# Jackson Lumber Co. *v.* Courcey.

## *Injury to Servant.*

(Decided November 25, 1913.   63 South. 749.)

1. *Master and Servant; Injuries to Servant; Complaint; Superintendence.*—The 5th count examined and held to sufficiently charge H. with negligence while in the exercise of superintendence within subdivision 2, sec. 3910, Code 1907, and not objectionable as showing no more than that said H. was negligent while acting as a mere participant in the work in which plaintiff was engaged.

2. *Same.*—Subdivision 4, section 3910, Code 1907, authorizes a recovery for an injury caused by the negligence of the person giving instructions, though such person is not a superintendent, or one to whose orders or directions the injured employee is bound to conform, and without regard to the presence or absence of negligence in the instructions which were obeyed (differing in this respect from subdivisions 2 and 3 of said section); hence, count 6 of the complaint was sufficient to charge defendant with liability under said subdivision 4.

3. *Same; Employer's Liability Act.*—Notwithstanding the injury was sustained under such circumstances that the servant could have maintained his action without asserting the right conferred by sec-

[Jackson Lumber Co. v. Courcey.]

tion 3910, Code 1907, he may nevertheless enforce a liability for injuries created by such section.

4. *Same; Superintendence; Authority to Give Instruction.*—Where a servant was injured by the fall of a scantling due to the release of pressure on a jack supporting it, the release of pressure being by instructions from H., evidence that H. was boss of the carpenter crew at work on the building in question, and was so far in charge of the work in which plaintiff and the other employees were engaged when it was interrupted by the accident complained of, as to justify an inference that he was delegated with authority to give instructions as to the manner of doing the work, was sufficient to show that he had authority from defendant to give instructions. .

5. *Same; Particular Instructions.*—Where the servant was injured by the fall of a scantling due to the release of pressure on a jack by which the scantling was supported, such release of pressume being pursuant to an alleged negligent instruction of H., in charge of the work, the fact that what H. said as to the manner of releasing the pressure and taking down the scantling might be regarded as an act of superintendence under subdivision 2., or as orders or directions within subdivision 3, would not prevent them from also constituting particular instruction within subdivision 4 of section 3910, Code 1907.

6. *Same; Negligence; Evidence.*—The evidence considered and held sufficient to show that the order given by H. was negligent under subdivision 2, sec. 3910, Code 1907.

7. *Same; Method of Work; Evidence.*—Where the action was for injuries to a servant due to the withdrawal of the support of a jack by which a scantling was sustained, the proper inquiry was whether the method ordered to be pursued was a reasonably safe one, and a question as to whether defendant had pursued a similar course before with reference to similar occasions, was improper.

8. *Appeal and Error; Harmless Error; Pleading and Proof.*—A defendant cannot complain of the fact that a plaintiff alleged and proved more than the law requires to entitle him to maintain the right of action which he asserts.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by C. M. Courcey against the Jackson Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the counts referred to in the opinion:

(5) Plaintiff claims of defendant the further sum of $5,000 as damages for injuries to him at or near defendant's sawmill in Covington county, Ala., on, to wit, Feb-

ruary 1, 1912.   Plaintiff avers that at and prior to the time of said injuries he was in the employ of defendant corporation, and was engaged in the performance of his duties as such employee of defendant corporation, and the injury was caused by reason of the negligence of one Ad Hall, a person in the service or employment of defendant, who had superintendence intrusted to him, and while in the exercise of such superintendence. Said negligence consisted in this:  That a large scantling was standing on end on a jack near where plaintiff was in the discharge of his duties, the said scantling being used in holding up a slab trough at said mill, said slab trough being supported or partially supported by the said scantling and jack, and said Ad Hall, while in the exercise of such superintendence, negligently caused the pressure on said jack to be released, whereby the said scantling fell, striking plaintiff on the head.  (Here follows catalogue of his injuries.)

(6) Alleges the same state of facts as 5, and alleges the injury to have been caused by reason of the act of some person in the service or employment of the defendant corporation in releasing the pressure upon a jack while plaintiff, in the discharge of his duties, was standing near by, whereby a large scantling, which was held in a perpendicular position upon said jack by said pressure, was loosed and fell, striking plaintiff (causing injuries set out in count 5).   Plaintiff avers that said act of releasing said pressure as aforesaid was done in obedience to particular instructions negligently given by one Ad Hall, a person delegated with the authority of defendant in that behalf.

(7) Same as 5 as to relationship, and adds that under his employment it became plaintiff's duty to assist in putting up a new bent, or a part of a new bent, under a slab trough at defendant's mill; that plaintiff and three

other hands were engaged in this work, acting under instructions of one Ad Hall, a person in the service or employment of defendant, who had superintendence over this work and over the plaintiff and the other hands intrusted to him by defendant; that after said bent, or part thereof, had been put in place by plaintiff and other said hands, and while the jacks and scantlings used in jacking up said trough were being removed by plaintiff and the other said hands, a large scantling standing on end on the jack used by one of said hands, to wit, one Grimes, fell upon or against plaintiff, crushing and bruising (here follows catalogue of his injuries). Plaintiff avers that the danger of said scantling falling upon or against plaintiff when the pressure was released, as was done, was well known to said Hall, or by the exercise of reasonable diligence should have been known to him; that it was the duty of said Hall, in the exercise of the superintendence, to use reasonable diligence to secure the removal of said jack and scantling in such a manner as to eliminate danger to plaintiff if possible; that plaintiff and other said hands were each operating a jack on top of which stood one of the large scantlings; that, when the pressure was released from the said scantling, it became almost impossible for one man to operate a jack, and at the same time prevent the scantling from falling; and that said Hall, in the exercise of such superintendence, negligently failed to exercise reasonable care in securing the removal of said jack and scantling, in that he negligently permitted or required said Grimes to operate or to manipulate alone one jack and the scantling standing thereon, whereby said scantling was loosened, and fell upon or against plaintiff as aforesaid. And plaintiff avers that said injury proximately resulted from the negligence of said Ad Hall in the exercise of such superintendence.

W. O. MULKEY, for appellant. The court was in error in overruling demurrers to the 5th count, as the count states that the superintendent himself did the act.—*Smith v. Pioneer M. & M. Co.,* 46 Ala. 234; Sudb. 2, sec. 3910, Code 1907. The 6th count is based on subd. 4 of said section, and is not sufficient to charge actionable negligence under said count.—*Laughran v. Brewer* 113 Ala. 509; *Pos. Tel. Co. v. Hulsey,* 115 Ala. 193; 149 Ind. 157; 68 Fed. 630; Dresser, pp. 312-20. Counsel discusses assignments of error relative to other pleadings and to evidence, but without further citation of authority.

JONES & POWELL, for appellee. The 5th count was sufficient and not subject to the demurrers interposed.— *Reiter-C. Mfg. Co. v. Hamlin,* 144 Ala. 192. Counsel discuss other matters assigned, but without further citation of authority.

WALKER, P. J.—The original complaint contained seven counts. Demurrers to the first, third, and fourth counts were sustained, and the general affirmative charge in favor of the defendant was given as to the second count.

Counsel for the appellant insists in argument that the fifth count was subject to demurrer on the grounds suggesting its failure to show that the defendant's superintendent was guilty of the negligence charged against him "whilst in the exercise of superintendence." The contention is that the averments of the count as to the superintendent's negligence might be construed as showing no more than that he was negligent while he was acting, not as a superintendent, but as a mere participant in the work in which the plaintiff, his coemployee, was engaged. We are not of opinion that the

count was subject to demurrer on the ground mentioned. In connection with averments showing that the injury complained of was sustained by the plaintiff by his being hit by a large scantling which had stood on end on a jack, near which the plaintiff was engaged in the discharge of his duty as an employee of the defendant, it averred that said injury was caused by reason of the negligence of one Ad Hall, a person in the service or employment of the defendant, who had superintendence intrusted to him, and while in the exercise of such superintendence; the averment as to the negligence of Hall being that he "negligently caused the pressure on said jack to be released, whereby the said scantling fell, striking plaintiff on the head," etc. There is nothing in the quoted averment to indicate that the fall of the scantling was the result of Hall himself releasing the jack, or that personally he took any part in the operation of the jack. It fairly imports that he caused another or others to do the thing which resulted in the injury to the plaintiff—that, while performing the functions of a superintendent, he gave an improper direction with respect to the details of the work which he was superintending. We think that the averments of the count sufficiently show that the superintendent was negligent "whilst in the exercise of superintendence," within the meaning of the provision contained in subdivision 2 of the Employers' Liability Act (Code, § 3910), so as to render his employer, the defendant, liable to his coemployee, the plaintiff, for the consequences thereof.—*Reiter-Connolly Mfg. Co. v. Hamlin, as Adm'r,* 144 Ala. 192, 40 South. 280; *Bessemer Land & Improvement Co. v. Campbell, et al., Adm'rs,* 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17; *Highland Ave. & Belt R. R. Co. v. Dusenberry,* 98 Ala. 239, 13 South. 308; 2 Labatt on Master and Servant, § 687.

The sixth count of the complaint, after averring that the injury complained of was caused by reason of the act of some person in the service or employment of the defendant in releasing the pressure upon a jack while the plaintiff, in the discharge of his duties, was standing near by, whereby a large scantling, which was held in a perpendicular position upon said jack by said pressure, was loosened and fell, striking the plaintiff, etc., averred that said act of releasing said pressure was done in obedience to instructions negligently given by one Ad Hall, a person delegated with the authority of the defendant in that behalf. This count seeks to charge the defendant with the liability which, by subdivision 4 of the Employers' Liability Statute (Code, § 3910), is imposed upon an employer for an injury to his employee "when such injury is caused by reason of the act or omission of any person in the service or employment of the master or employer, done or made in obedience to * * * particular instructions given by any person delegated with the authority of the master or employer in that behalf." While the action of the court in over-ruling the demurrer to this count is assigned as error, yet, as the counsel for the appellant does not in his argument undertake to support this assignment of error, it will not be considered. His contention in reference to this count is that there was no evidence to support it, and that the general affirmative charge requested by the defendant as to it should have been given. The effect of the provision of the statute upon which this count is based is to render an employer liable to his employee for an injury to the latter caused by reason of the act or omission of any employee done or made in obedience to particular instructions given by any person delegated with the authority of the employer in that behalf. The employer is made liable in such case, though the em-

ployee whose act or omission is complained of may not
be, because he acted in accordance with instructions
given by authority from the employer.—*Alabama Great
Southern Ry. Co. v. Cardwell*, 171 Ala. 274, 55 South.
185. This provision evidences a purpose to subject the
employer to liability for an injury to his employee so
caused, though the person giving the instructions was
not a superintendent, within the meaning of sub-divi-
sion 2 of the statute, and was not an employee to whose
orders or directions the injured employee was bound
to conform, within the meaning of subdivision 3 of the
statute, and without regard to the presence or absence
of negligence in the instructions which were obeyed. In
the case so provided for the employer is subjected to
liability for an injury to his employee resulting from
the conduct of the former's business in the manner au-
thorized by him. The infrequency of the assertion of
the liability created by this subdivision of the statute
may be accounted for by the fact that often the occur-
rence upon which it may be based also has such other
features that it has the effect of subjecting the employer
to liability at common law or under another subdivision
of the same statute.

One may enforce a liability created by a statute,
though the injury complained of was sustained under
such circumstances that he could have maintained his
action without asserting the right conferred by that
statute. If a plaintiff alleges and proves all that is
requisite to maintain an action under a statute, his
right to recover is not to be denied, because of superflu-
ous allegations or proof, or because, on the state of facts
disclosed by the evidence, he had a right of action under
some provision of the law other than the one manifestly
relied on. There was evidence to support every mate-
rial averment of the count under consideration.

The contention that there was an absence of evidence tending to prove that the defendant delegated to Hall the authority to give instructions cannot be sustained. There was evidence going to show that he, as the boss of the carpenter crew, was so far put in charge of the work in which the plaintiff and other employees were engaged when it was interrupted by the incident complained of as to justify an inference that he was delegated with authority to give instructions as to the manner of doing that work. We cannot assent to the suggestion advanced in argument that what the evidence tended to prove that he said as to the manner of releasing the pressure on the jacks could not be regarded as "particular instructions" within the meaning of subdivision 4 of the statute, because the evidence was such that what he said in that connection might be regarded as an act of superintendence within the meaning of subdivision 2 of the statute, or as "orders or directions," within the meaning of those words as used in subdivision 3 of the statute. What one says as to the manner of doing an employer's work may be none the less "particular instructions given by a person delegated with the authority of the master or employer in that behalf," though such person's relation to the work may be such that his act could also be treated as one of superintendence, or as an order or direction to which another employee was bound to conform. Nor was the plaintiff's right to recover under the count under consideration impaired by the allegations and proof as to negligence in the directions given by Hall. A defendant cannot complain of the plaintiff's alleging and proving more than the law requires to entitle him to maintain the right of action which he asserts. The conclusion is that written charge 4 requested by the defendant was properly refused.

The seventh count of the complaint, like the fifth count, above referred to, asserted the liability provided for by subdivision 2 of the Employers' Liability Statute; the negligence counted on in each of them being that of one Hall in giving improper orders or directions as to the manner of removing timbers which had been used in jacking up a slab trough, a part of the equipment of the defendant's sawmill, for the purpose of removing a bent which was under it, and putting another bent in the same place.   In this operation four jacks were used, two on each side of the bent, upon each of which stood a scantling as a support for the slab trough above.   There was a man to each jack; the plaintiff being the person who operated one of them.   His testimony tended to show that the proper way to remove the timbers on the jacks after the new bent had been placed in the desired position was for the two men on each side, after the pressure on the jacks had been so far released that practically all of the weight of the slab trough was on the bent, to assist each other in taking out one jack at a time, one of them to operate the jack, and the other to let down the scantling, and that in this way the scantling which was standing upright on it could be removed without danger of its falling and hurting some one.   His testimony also tending to prove that Hall ordered all the jacks to be let down at once, and that this order was a negligent one, as by following it there was only one man at a jack, with the result that the timber standing on it was liable to fall when the pressure from above was so far removed that there was nothing to keep it in its upright position, or to let it down gradually.   Though, according to the plaintiff's testimony, part of the order given by Hall was to "let all the jacks down easy," yet the testimony in reference to his order as a whole was such as to furnish support for an

inference that his direction to let all the jacks down at once was a negligent one under the circumstances, and that the falling of the timber which struck the plaintiff was a proximate result of obedience to such negligent order. We think that this statement as to one aspect of the evidence is sufficient to show that the defendant was not entitled to the general affirmative charge in its favor on the theory that there was no evidence tending to prove that the order given by Hall was a negligent one.

One Presley, a witness for the defendant having testified that he was a member of the defendant's carpenter crew at the time the plaintiff was struck by the falling scantling, and that the proper and customary way of doing that kind of work the men were engaged in at that time was the one which Hall ordered to be followed, and that it would have been dangerous to pursue any other course than that ordered by Hall, was asked if they had pursued that course before with reference to such occasions as that. The defendant excepted to the action of the court in sustaining plaintiff's objection to this question. By an affirmative answer to the question, the bare fact would have been disclosed that on former occasions in the defendant's mill such work had been done in the same way Hall then ordered it to be done. Such testimony would have had no legitimate tendency to prove that that was a reasonably safe way to do such work, or that it was one which was customary or generally approved by persons experienced or skilled in such tasks. We do not think that the testimony for the plaintiff which tended to prove that Hall's order was a negligent one could properly be rebutted by evidence merely to the effect that the result of it was to have work done as the defendant had had such work done on former occasions. The proper inquiry was as to whether

[Atlantic Coast Line Ry. Co. v. Jones.]

the method ordered to be pursued was a reasonably safe one. Proof that it was the defendant's way of doing the work was not proof that it was a reasonably safe or proper way. There was no error in sustaining the objection to the question.

What has been said disposes of the assignments of error which have been insisted on in argument.

Affirmed.


