# Woodward Iron Co. v. Cook.

*Action for Injury to Employe from Negligence of Employer.*

1. *No right of action to father in certain cases.*—The liability which the employer's liability act, Code of 1886, § 2590, imposes on the employer for injuries to an employé in the cases therein mentioned is "to answer in damages to such servant or employé if he survives the injury, otherwise to his personal representative. No right is conferred on the father to sue for injuries to his minor child; and the right being created by statute can be enforced only by the person to whom it is given.

2. *Same.*—Section 2587 of the Code of 1886, present Code § 25, providing for suit by a parent for injuries to a minor child "a member of the family,' was for the most part, in force long prior to the employer's liability act, and has been properly

[Woodward Iron Co. v. Cook.]

construed as being intended only to regulate the right of the mother to sue in the contingencies named for damages sustained by her as distinguished from those sustained by the minor; and a father cannot maintain a suit under said act where the death of the minor employé is caused.

3. *Complaint; what must show in certain cases of injury to son.* A complaint by a father to recover damages, upon his common law right, resulting to himself for loss of the services of his son during his minority and expenses incurred about his cure, must show that the mere act of employment was wrongful; it is not sufficient in such case to count only on negligence occurring in the course of the son's employment.

4. *Same.*—An employer at common law is under the duty of using ordinary care to furnish the employé with place, ways and appliances reasonably safe for use, but the duty of maintaining such safe conditions may be discharged by committing its performance to agents carefully selected for competency and fitness; and a complaint by an employé which seeks to recover damages from the employer for the negligence of a co-employé in respect of such maintenance, must aver fault in the employer in the selection of the servants to whom it was committed.

5. *Same; how construed.*—Where counts of a complaint brought by a father to recover damages from tne employer of his son for injury to his son, attributes the injury to defects in the defendant's tram track, existing by reason of "the negligence of the defendant or some person in the service or employment of the defendant who was entrusted by it with the duty of seeing that the tram track was in proper condition" at the place where the injury occurred, they must be construed most strongly against the pleader and to complain only of the act of one who may have been a fellow-servant of the plaintiff's son.

6. *Common law rule; how applied in certain cases.*—The common law rule which exempts the employer from liability for injuries inflicted by one of its employés against a fellow-servant applies in its original extent against a father who has assented to his minor son's employment, though by the statute the son himself when suing under it is relieved from the rule where the wrong-doer is of the class whose culpability is by the statute visited upon the employer.

7. *Fellow-servant; who is.*—To constitute the relation of fellow-servants between them it is not necessary that both an injured and injuring employé should have been engaged in doing work of the same character; an employé entrusted with

[Woodward Iron Co. v. Cook.]

keeping a train track in 'order is a fellow servant with an employé whose duty consists in spragging wheels to check their speed on the track.

8. *Contract of employment of son when assent of father presumed.* Where the contrary is not averred in a complaint by a father against the employer of his son for injury to the son, it will be presumed that the plaintiff assented expressly or impliedly to the contract of employment; and in such case the defendant's responsibility as an employer, whether to the plaintiff or his son for the son's injuries sustained when in the performance of the work for which he was employed, springs from a breach of duty grownig out of the contract which creates the relation of employer and employé.

APPEAL from Birmingham City Court.

Tried before Hon. W. W. WILKERSON.

Action by W. H. Cook against Woodward Iron Company, a corporation, to recover ·damages for injury to his son while he was an employé of the company. The complaint may be considered as brought under the Employer's Liability Act, Code, § 2590, or as based on the common law right of the father, as stated in the opinion. It contained several counts, but they need not be set out in full; nor need the facts be further stated than they are set out in the opinion, since the court hold that the action cannot be maintained in either view for reasons clearly stated in the opinion.

WALKER, PORTER & WALKER, for appellant, cited, *Wolcott v. Rickey*, 22 Iowa 171; *Rush v. Voight,* 55 Penn. State 437; *Jenney v. Alden,* 12 Mass. 375; *Bell v. Bumpus*, 63 Mich. 375; *Stovcall v. Johnston,* 17 Ala. 18; *Godfrey v. Hays,* 6 Ala. 501; *Waugh v. Emerson,* 79 Ala. 297; *Donegan v. Davis,* 66 Ala. 362; *Lovell v. De-Bardeleren*, 90 Ala. 13. Also the following to show that the complaint would not support a judgment by default. *Childress v. Nann,* 33 Ala. 206; *Douglass v. Beasley,* 40 Ala. 142; *Kelley v. Moore,* 51 Ala. 364; *Taylor v. Jones,* 52 Ala. 78; *Thomas v. State,* 58 Ala. 365.

LANE & WHITE, *contra,* cited, *Mooney v. Hough,* 84 Ala. 80; *Hirschfelder v. Leedy,* 69 Ala. 351.

SHARPE, J.—Upon the trial of this cause the court at the defendant's request, charged the jury affirmatively in its favor as to several counts of the complaint. The remaining counts, being the first, second, fourth and fourteenth, are the only ones that need be considered here.

Each of the last named counts contain averments appropriate to showing actionable injuries under the employer's liability act embodied in section 2590 of the Code of 1886. The action, however, is not maintainable under that statute. The liability it imposes on the employer for injuries to an employé in the cases therein mentioned, is "to answer in damages to such servant or employé" if he survives the injury, otherwise to his personal representative. . In it there is nothing which purports to or does confer upon a father the right to sue for injuries to his minor child. The right being created by statute can be enforced only by the person to whom the right is given.—*Lovell v. DeBardelaben Coal & Iron Co.,* 90 Ala. 13.

At one time a statute existed which gave the father, and under certain circumstances the mother, the right to maintain an action for damages sustained by a minor from personal injuries inflicted by the wrongful act of another.—(Acts 1884-5, p. 99), and it was the right given by that statute which was recognized in *Pratt Coal & Iron Co. v. Brawley,* 83 Ala. 371. That statute was passed before the employer's liability act and was changed to what appears in section 2588 of the Code of 1886. It never had application to cases arising under the employer's liability act.

Section 2587 of the Code of 1886 (present Code, § 25) provided for suit by a parent for injuries to a minor child "a member of the family," but that provision for the most part, was in force long prior to the employer's liability act and has been properly construed as being intended only to regulate the right of the mother to sue in the contingencies named for damages sustained by her, as distinguished from those sustained by the minor. *McNamara v. Logan,* 100 Ala. 187. In the last named case, upon the same principles which govern the present case, it was said by the court that "even where death en-

[Woodward Iron Co. v. Cook.]

sues the parent cannot sue at all in a case arising under the employer's liability act." And that a father cannot maintain a suit under that act where the death of a minor employé is caused was expressly decided in *Lovell v. DeBardelaben Coal & Iron Co., supra.*

If the action be based upon the common law right of the father to recover for damages resulting to himself for loss of the services of his son during his minority and expenses incurred about his cure, the complaint falls short of showing a wrong done by the defendant. It is nowhere shown that the mere act of employment was wrongful but it is negligence occurring in the course of the son's employment that is depended on as the actionable wrong.

An employer is under the duty of using ordinary care to furnish the employé with place, ways and appliances reasonably safe for use, but by the law as it has long been recognized by this court the duty of maintaining such safe conditions may be discharged by committing its performance to agents carefully selected for competency and fitness.—*M. & O. R. R. Co. v. Thomas,* 42 Ala. 672; *A. G. S. R. R. Co. v. Carroll,* 97 Ala. 126; *M. & M. R. Co. v. Smith,* 59 Ala. 245. No fault is imputed to the defendant in respect of its selection of servants.

Counts one, two and four attribute the injury to defects in the defendant's tram track, existing by reason of "the negligence of the defendant or some person in the service or employment of the defendant who was entrusted by it with the duty of seeing that the tram track was in proper condition" at the place where the injury occurred. In thus charging negligence in the alternative to the defendant or its employé, the complaint taken as it must be most strongly against the pleader complains only of the act of one who may have been a fellow-servant of the plaintiff's son. The common law rule which exempts the employer from liability for injuries inflicted by one of its employés upon a fellow servant applies in its original extent against a father who has assented to his minor son's employment, though by the statute the son himself when suing under it, is relieved from the rule where the wrong-doer is of the class whose culpability is by the statute visited upon the employer.

To constitute the relation of fellow servants it was not necessary that both the injured and the injuring employé should have been engaged in doing work of the same character such as spragging wheels or operating cars. In *M. & M. R. Co. v. Smith,* 59 Ala. 245, a similar question was before the court and it was held that employés having charge of track repairing were fellow servants with the fireman of an engine operated thereon. And so of the person having superintendence whose negligence is charged in the fourteenth count. In *M. & O. R. R. Co. v. Thomas, supra,* this court said: "The proposition which bases the liability on the grade of the negligent servant and the subordination to him of the injured servant is in our judgment, not founded in adequate reason," and in *M. & M. R. Co. v. Smith, supra,* this statute was quoted approvingly and applied to the relation of employés having superintendence of the maintenance of the railroad track and an engine fireman who was injured by a defective track. The same principle is recognized in *Tyson v. S. & N. Ala. R. R. Co.,* 61 Ala. 554.

The plaintiff's son, the person intrusted with the duty of seeing that the tram track was in proper condition and the person superintending work and workmen in the mines were each engaged in the common service and employment of the defendant and were therefore fellow servants. The contrary not being averred, it will be presumed that the plaintiff assented expressly or impliedly to the contract of employment. Such being the case, the defendant's responsibility as an employer whether to the plaintiff or his son for the son's injuries sustained when in the performance of the work for which he was employed, springs from a breach of duty growing out of the contract which creates the relation of employer and employé. Such responsibility to the plaintiff being uninfluenced by statute must be measured by what defendant's duty as an employer would have been to the son at common law. By that rule the defendant is under no liability to the plaintiff for the alleged negligence of his son's fellow servants.

Neither of he four counts we are considering aver a cause of action and in such case the plaintiff has no

[Blankenship v. Blackwell.]

right to have a·verdict of recovery.—*L. & N. R. R. Co. v. Williams*, 113 Ala. 402; *Cent. of Ga. R. Co. v. Lamp*, in MS. (present term).

There was error in refusing the general affirmative charge requested by the defendant and in refusing its motion in arrest of judgment.

Reversed and remanded.