# Langhorne, et al. v. Simington.

## Injury to Servant.

(Decided June 30, 1914. 66 South. 85.)

1. *Master and Servant; Injury to Servant; Employer's Liability Acts.*—Where the employer furnished a superintendent to overlook the progress of the work, and no complaint of his competency was made, the common law duty of the master ended, if it be conceded that the complications and dangers were such as to require a superintendent, and the master was not liable for the negligence of the superintendent except as imposed by the Employer's Liability Statutes.

2. *Same; Obligation of Master.*—It is the duty of an employer to exercise due care to provide a reasonably safe place for employees to work, having regard to the kind of work, and where this duty is delegated to an employee, such employee represents the employer, who is liable for the negligence of the employee in discharging the duty; but the employer's duty of maintaining the safety of the place of work may be discharged by committing its performance to employees carefully selected for competency and fitness.

3. *Same.*—Where the prosecution of the work itself makes the place and creates its dangers, the rule requiring the employer to provide his employees with a safe place to work, is without application.

4. *Same; Negligence of Superintendent.*—Where a superintendent in charge of excavating the earth from a cut was negligent in pushing forward a steam shovel to a point where those engaged in its operation were exposed to danger from defectively finished walls of the cut, such negligence of the superintendent was not negligence in providing a safe place for the employee in which to do his work, and the employer's liability, if any, was under the Employer's Liability Act.

5. *Same; Employer's Liability Act.*—While the Federal Employer's Liability Act enlarges the liability of an employer by curtailing the

[Langhorne, et al. v. Simington.]

fellow servant doctrine, yet an employer need not do for his employee that which the latter may do for himself for his protection, and where superintendence is entrusted to an employee, who, while acting within the scope of his authority, fails in due care for his subordinate co-employees, a recovery may be had under the statute.

6. *Same; Pleading.*—To state a cause of action under the Employer's Liability Act for negligence of superintendence, the complaint must set out the fact of superintendence and the particulars wherein there has been a failure to exercise due care.

7. *Same; Common Law Liability.*—Where the place where an employee was working when injured was in a reasonably safe condition when he began work, but became unsafe thereafter, the employer was not liable at common law for a failure to furnish a reasonably safe place in which to work.

8. *Appeal and Error; Review.*—Where the complaint contained counts seeking recovery, both under the common law and under the statute, and the court submitted to the jury all the counts, and there was no evidence to support the common law count, a judgment for plaintiff will be reversed, it being impossible to say upon what count the jury based their verdict.

9. *Charge of Court; Cautionary Instructions.*—A refusal to instruct a jury that unless each juror is reasonably satisfied from the evidence that plaintiff has established all the material averments of at least one count in its complaint, the jury cannot find for plaintiff, constitutes reversible error.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Henry Simington against E. K. Langhorne and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The first count alleges that defendants were engaged in excavating and constructing a railroad track for the Louisville & Nashville Railroad Company, and in that connection were engaged in operating a steam shovel for the purpose of making an excavation, and on the date of the accident plaintiff was in the service or employment of defendant, and, while engaged in and about the discharge of his duties in the line of his employment in operating a jack under said steam shovel aforesaid, a large stump or piece of log was negligently caused or negligently allowed by defendant to fall or roll down upon plaintiff from a high embankment (and here fol-

lows catalogue of injuries), and plaintiff alleges that his injuries and damages aforesaid were caused by reason, and as a proximate consequence, of the negligence of one Wallace Waugh, who was also in the service or employment of defendant in the capacity of walking boss, and who was intrusted by defendant with superintendence, and whilst in the exercise of such superintendence in this, said Waugh, who was in the service or employment of defendant, and who was intrusted by defendant with superintendence, and while in the exercise of such superintendence, negligently caused, or negligently allowed, said stump, piece of log, or other heavy piece of timber to fall from or roll down said embankment aforesaid, and fall upon plaintiff.

Count 2: Same as 1, except Mike Day, who was in the service or employment of defendant in the capacity of engineer, was substituted for Waugh.

Count 3: Same as 1 down to and including catalogue of injuries, and adds:

"Plaintiff alleges that he was injured and damaged as aforesaid by reason of, and as a proximate consequence of, the negligence of defendant in this: Defendant negligently failed to provide plaintiff with a reasonably safe place for plaintiff to be engaged in or about said business of defendant at the time he received said injuries as aforesaid."

The following charges were refused defendant:

Affirmative charge as to the third count.

(14) "The court charges the jury that, if you believe from the evidence in this case that the place where plaintiff was at work when injured was in a reasonably safe condition when he commenced work there, and it became in an unsafe condition after plaintiff commenced work there which proximately caused his injury, you cannot find for plaintiff for failure of defendant to fur-

nish him a reasonably safe place in which to do his work, as charged in count 3 of complaint as amended."

(27) "The court charges the jury that, unless each of the jury is reasonably satisfied from the evidence in this case that plaintiff has established by evidence all of the material averments of one count of the complaint, you cannot find for plaintiff in this case."

CHARLES A. CALHOUN, for appellant. The court erred in overruling demurrers to the first count, and as amended.—*Woodward I. Co. v. Marbut,* 62 South. 804; *Maddox v. Chilton Warehouse Co.,* 171 Ala. 216. The same infirmities appear in count 2. Count 3 did not present a cause of action under the master's common law duty to furnish a safe place to work. The court should have instructed a verdict for defendant under count 1 of the complaint.—5 LeB. § 1682; *General S. & C. Co. v. Shelton,* 157 Ala. 635; *Hammond v. Ala. C. & C. Co.,* 156 Ala. 253; *Walton v. T. C. I. R. R. Co.,* 166 Ala. 539. The court should have instructed for defendant under count 2 as amended.—*Freeman v. Sloss-Sheffield Co.,* 137 Ala. 485; *Smith v. Pioneer M. & M. Co.,* 146 Ala. 234; *Linderman v. Tenn. Co.,* 58 South. 901. Defendant was entitled to have the verdict instructed under count 4.—4 LeB. § 4546, and cases cited in note. It appearing that the place was safe when the work was commenced, and that if it was rendered unsafe it was done by plaintiff in the prosecution of the work, and hence, no recovery could be had for a failure to provide a safe place.—*Woodward I. Co. v. Cook,* 124 Ala. 349; *Tutwiler C. & C. Co. v. Farrington,* 144 Ala. 167; *Ala. Con. Co. v. Hammond, supra; Whitmore v. Ala. Con. Co.,* 164 Ala. 125. Charge 14 should have been given on these authorities.

[Langhorne, et al. v. Simington.]

JERE C. KING, for appellee. Under the facts in this case defendant was liable under it scommon law duty to furnish a safe place, as well as under the superintendent's clause of the Employer's Liability Statute.— *Ala. C. C. & I. Co. v. Hammond,* 156 Ala. 257; Bailey M. & S. 108; *A. G. S. v. Robinson,* in MSS.; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115; *N. Ala. Ry. Co. v. Mansell,* 138 Ala. 564; *G. P. R. R. Co. v. Davis,* 92 Ala. 300; Dresser Employer's Liability Acts, 197.

SAYRE, J.—The first and second counts of the amended complaint proceeded on the superintendence clause of the statute. The third count was framed with the unmistakable purpose of stating a case under the common law. It made mention of no co-employee of plaintiff. It alleged that plaintiff's injury had resulted from the fact that "defendants negligently failed to provide plaintiff with a reasonably safe place for plaintiff to be engaged in or about the said business of defendants."

For plaintiff the evidence tended to show that defendants, as contractors for the Louisville & Nashville Railroad Company, were engaged in excavating and removing the earth from a cut through which the company proposed to lay a line of track. The work was done by means of a steam shovel, the operation of which was committed to employees of defendants. To one side, as the work progressed, a sloping wall or bank about 25 feet high was left, and one day the process of excavating undermined and partially dislodged a stump at the upper edge of the wall or bank so that it toppled over and remained suspended above the place where the steam shovel was being worked. Defendants were working day and night shifts, and during the succeeding night natural causes, without further undermining by the

shovel, which in the meantime had been moved forward 10 or 12 feet, operated to detach the stump and a considerable volume of earth from the upper edge of the cut, causing it to fall down upon plaintiff where he was at work near the front end of the car or truck which carried the machinery of the shovel, preparing it for further movement forward, and so was brought about the injury of which plaintiff complained. The evidence did not show to what extent, if at all, defendants exercised personal supervision of the work, or whether they had a general manager on the ground, but it did show that defendants had in their service one Waugh, named in the first count of the complaint, and referred to in the evidence as a "walking boss." He was, no doubt, a superintendent in some sort. It may have been inferred also that, in the absence of Waugh, which must have been necessary at times, since his duties carried him to other places, superintendence was committed to Day, named in the second count, whose regular duty, however, was to operate the engine that furnished power to the shovel. It might have been found, further, that Waugh or Day, one or both, were negligent in permitting the work to proceed under the condition created by the suspension of the stump above the shovel, a condition the jury may have found that these superintendents knew, or, in the exercise of due care, should have known.

Construed with reference to the law invoked, the third count of the complaint charged plaintiff's injury to the personal wrong of defendants or of a vice principal for whose wrong defendants are answerable according to the doctrine and postulate of that law. In the evidence, which was addressed to the proposition that defendants were liable for the reason that one or the other of their named superintendents had been derelict

in the premises, we are unable to perceive any tenable basis for a finding that either of these superintendents, while acting as vice principal for defendants, had been remiss in respect of the common-law duty in general of defendants to furnish to their employees a safe place in which to do their work.

The character of the work in which defendants were engaged may have been such, its complication and danger such, that a reasonable regard for the safety of their employees demanded that superintendents should be appointed to overlook its progress; but, whether so or not, superintendents were furnished, as plaintiff's evidence went to show, and no complaint of their competency or fitness is found in pleadings or proof, and here, for aught appearing, the common-law duty of defendants ended, for these superintendents according to the common law as declared in this state, were fellow servants of plaintiff, and for their negligence defendants were not responsible, except as responsibility has been imposed by the Employers' Liability Statute.—*Mobile & Ohio R. R. Co. v. Thomas,* 42 Ala. 672; *Mobile & Montgomery Ry. Co. v. Smith,* 59 Ala. 245; *Tyson v. South & North Ala. R. R. Co.,* 61 Ala. 554, 32 Am. Rep. 8. We do not speak, of course, with reference to an employer's liability for the nonobservance of common-law duties other than the duty to provide a safe place, or, in some cases, superintendence, because no question about them is raised on the record. It may be that some of our cases—that of *Mobile & Montgomery Ry. Co. v. Smith, supra,* for instance—"have gone to the extremest verge of soundness in applying the doctrine of fellow servants to the exemption of the employer from liability" (*Georgia Pacific Ry. Co. v. Davis,* 92 Ala. 313, 9 South. 252, 25 Am. St. Rep. 47); but they have been consistently

followed.—*Postal Telegraph Cable Co. v. Hulsey,* 115 Ala. 204, 22 South. 854, and cases cited.

That it is the duty in general of an employer to exercise due care to provide a reasonably safe place, having regard to the kind of work involved, in which his employees may do the work assigned to them cannot be denied; and, where this duty is delegated to an employee, as of necessity it frequently must be, the employee to whom it is delegated represents the master or employer in such sense that the latter is liable for his negligence in its discharge.—4 Labatt, Mas. & Ser. (2d Ed.) § 1483. But the duty of maintaining the safety of the place is not absolutely personal to the master, and the rule established by the decisions of this court, in common with others of excellent authority, is that it may be discharged by committing its performance to agents carefully selected for competency and fitness.— *Cases supra; Woodward Iron Co. v. Cook,* 124 Ala. 353, 27 South. 455; *Tutwiler C., C. & I. Co. v. Farrington,* 144 Ala. 157, 39 South. 898; *Whitmore v. Ala. Consolidated C. & I. Co.,* 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31.

Our reading of the record and the briefs of counsel in this case produces the impression that probably the trial court in refusing to defendants the general charge as to count 3 proceeded upon the idea that the evidence justified a finding that one or the other of defendants' named superintendents was negligent in pushing the shovel forward, as the work progressed, to a point where those engaged in its operation would be exposed to danger from the incomplete or defective finished sides or walls of the cut, and that the space between thus left behind the scoop or dipper of the shovel, and yet occupied by the operative machinery of the shovel, became and was a place provided within the meaning of the

common-law doctrine on that subject. These superintendents may have been negligent in the respect indicated, but, if so, they were not negligent in providing a place, nor did they act with the authority of vice principals of defendants; and defendants were liable, if at all, under the statutory counts.

It is generally considered that the rule requiring an employer to provide his employee with a safe place does not operate "where the prosecution of the work itself makes the place and creates its dangers."—4 Labatt, § 1518, to which many cases are cited. This exception to the master's specific duty to provide a safe place is based upon reasonable considerations which are thus stated by the Supreme Court of New Jersey: "Whether the master retain the superintendence and management of his business, or withdraws himself from it and devolves it on a vice principal or representative, it is quite apparent that, although the master or his representative may devise the plans, engage the workmen, provide the machinery and tools, and direct the performance of the work, neither can, as a general rule, be continually present at the execution of all such work. It is the necessary consequence that the mere execution of the planned work must be intrusted to workmen, and, where necessary, to groups or gangs of workmen, and in such case that one should be selected as the leader, boss, or foreman to see to the execution of such work. This sort of superiority of service is so essential and so universal that every workman, in entering upon a contract of service, must contemplate its being made use of in a proper case. He therefore makes his contract of service in contemplation of the risk of injury from the negligence of a boss or foreman, as well as from the negligence of another fellow workman. The foreman or superior servant stands to him, in that respect, in the pre-

cise position of his other fellow-servants."—*O'Brien v. American Dredging Co.,* 53 N. J. Law, 291, 21 Atl. 324, quoted by the Supreme Court of the United States in *Central Railroad Co. v. Keegan,* 160 U. S. 259, 16 Sup. Ct. 269, 40 L. Ed. 418.

By the statute the master's immunity by reason of the fellow-servant doctrine has been curtailed; his liability has been enlarged. It is still practically impossible that the master or his superintendent should supervise every detail of the master's work, it is still unnecessary that the master shall do for his employee that which the employee may do for himself to the better advantage of both, but, if superintendence is intrusted to a co-employee, and it be found, as a fact, having regard for the nature and extent of the superintendence delegated, that the superintending employee, acting within the line and scope of his authority, has failed in due care for his inferior co-employee, there may be a recovery under the statute. But in our system of pleading each count is a separate complaint, the sufficiency of which is to be adjudged upon its own allegations, and to state a case under the statute the complaint must set out the fact of superintendence and the particular wherein there has been a failure to exercise due care, as was done in counts 1 and 2.—*Woodward Iron Co. v. Marbut,* 183 Ala. 310, 62 South. 804.

It results from the foregoing considerations, which inhere in the law of the subject and the substance of the separate counts, that, while the statutory counts 1 and 2 were properly submitted to the jury, defendants were entitled to the general charge requested as to count 3 which proceeded, as we have said, distinctly upon the ground that defendants had failed in some duty imposed upon them by the common law. In that count the allegation is, in effect, that defendants or some vice

principal of theirs neglected to furnish plaintiff a reasonably safe place in which to work. It must be assumed that plaintiff and his co-employees went to work upon the natural surface of the earth; at least there is no basis for supposing that the place as it stood was unsafe in any respect for which defendants could be held responsible on any principles of law or reason. The danger arose, and could only arise, as the work progressed. It was caused by the work done. In such case defendants were not obliged by any common-law rule of duty to stand by during the progress of the work to see where a danger arose.—*Durst v. Carnegie Steel Co.,* 173 Pa. 162, 33 Atl. 1102. The court, however, in submitting to the jury whether plaintiff had made out a case under the third count, seems to have held otherwise. We cannot know upon what theory or count the jury concluded for the plaintiff, and for the error in submitting the case to them on the third count the judgment must be reversed.

In argument touching the question discussed appellee relies upon *Alabama Consolidated C. & I. Co. v. Hammond,* 156 Ala. 257, 47 South. 248. The counts upon which that case went to the jury were both framed under the statute. Appellee also relies upon *Northern Ala. Co. v. Mansell,* 138 Ala. 564, 36 South. 459. One of the counts in that case proceeded on the common law; but the facts there obviously take the case without the influence of the principles which have controlled our decision in the case at bar.

For the reasons stated above defendants were entitled to charge 14, which was refused to them.

There was error also in the refusal of charge 27 requested by defendant.—*B. R. L. & P. Co. v. Humphries,* 171 Ala. 291, 54 South. 613; *B. R. L. & P. Co. v. Gon-*

*zales,* 183 Ala. 273, 61 South. 82; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115, 42 South. 1024.

For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFEN-RIED, JJ., concur.