(76 South. 913)

WOODWARD IRON CO. v. MAXEY et al.
(6 Div. 383.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. MASTER AND SERVANT ⟐265(9)—INJURIES TO SERVANT—BURDEN OF PROOF.

In action for death of a miner, the plaintiff has the burden of showing that the entry in which the miner was at work was dangerous by reason of a defective and unsafe roof when he began to work therein.

2. MASTER AND SERVANT ⟐185(7) — INJURY TO SERVANT—SAFE PLACE TO WORK—CHANGING CONDITIONS.

Where the nature of the work makes the place dangerous, the master need not stand by to see that no danger arises, his only duty being to maintain the place in a reasonably safe condition, but, that duty being delegable, if it is in fact delegated, the negligence of the servant to whom it is delegated imposes no liability on the master.

3. MASTER AND SERVANT ⟐190(14)—INJURIES TO SERVANT—NEGLIGENCE OF FELLOW SERVANTS.

The widow of a miner injured by a fall of rock could not recover when the injury occurred due to the negligence of the timber foreman or mine foreman, who were deceased's fellow servants.

4. APPEAL AND ERROR ⟐1170(8)—REVERSAL —SUBMITTING IMPROPER ISSUES.

Where the court erroneously failed to give an affirmative charge for defendant upon one count, and the verdict was general, so that it could not be known upon which count it was rendered, the error was prejudicial.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Iola Maxey and R. W. Walker, as administrators of the estate of Stephen Maxey, deceased, against the Woodward Iron Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

While the complaint was in nine counts, it is only necessary in this case to refer to the fourth and sixth counts. Both of these counts allege that plaintiff's intestate was in the service or employment of the defendant corporation as a miner in its ore mines. The gravamen of the fourth count is that defendant negligently breached its duty to exercise reasonable care in furnishing intestate with a reasonably safe and suitable place in which to do his work, as a proximate consequence of which he was struck and killed by a falling rock in said mine. The gravamen of the sixth count is that, while intestate was doing his work, defendant negligently failed to warn him of a certain latent defect or danger in said mine, i. e., the defective roof, which was known to or should have been known to defendant, but which was not known to intestate, and as a proximate consequence of which he was struck by a falling rock and killed. The only error assigned is the refusal of the trial judge to give for defendant the general affirmative charge as to each of these counts.

Cabaniss & Bowie, of Birmingham, for appellant. Erle Pettus, of Birmingham, for appellees.

SOMERVILLE, J. Each of the counts in question is for a breach of common-law duty.

[1, 2] Under the fourth count the burden was on plaintiffs to show that the entry in which intestate was at work was dangerous by reason of a defective and unsafe roof when intestate began to work in the entry. Whitmore v. Ala. Con. C. & I. Co., 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31. And it is to be noted that "where the prosecution of the work itself makes the place and creates its dangers" (4 Labatt, M. & S. § 1518), it is not the duty of the master to stand by during the progress of the work to see where a danger may arise (Langhorne v. Simington, 188 Ala. 337, 66 South. 85). In such a case the only duty resting on the master is to maintain the place in a reasonably safe condition; but, that duty being delegable at common law, and being in fact delegated to another servant of the master, the negligence of the servant in that behalf imposes no liability on the master. Langhorne v. Simington, supra; Wadsworth, etc., Co. v. Scott, 72 South. 542, 197 Ala. 361.

[3] The evidence here has no tendency to show that the roof of the entry was defective and dangerous when it was furnished to intestate to work in. If the count be construed as broad enough to charge defendant with negligence in the maintenance of a safe place, the evidence nevertheless shows that the negligence, if any, which caused intestate's injury was the negligence of the timber foreman or of the mine foreman, to whom the duty of such maintenance had been delegated by the master. Under the uniform decisions of this court, these men were fellow servants of intestate, for whose negligence, while acting as such, there can be no recovery. Langhorne v. Simington, 188 Ala. 337, 66 South. 85; Tutwiler, etc., Co. v. Far-

rington, 144 Ala. 157, 39 South. 898; Woodward I. Co. v. Cook, 124 Ala. 349, 27 South. 455; Wadsworth, etc., Co. v. Scott, supra.

[4] It results that the affirmative charge should have been given for defendant, as requested, on the fourth count of the complaint, and its refusal was error. In some cases, dependent upon the issues and the proof, it has been held that such an error with respect to one count will not work the reversal of a judgment which is attributable to another good count. But in cases like this, in view of the impossibility of knowing with any reasonable certainty upon which of these widely different issues the jury found their verdict, it has been settled that the error must be accorded the effect of reversal. Wadsworth, etc., Co. v. Scott, supra.

We think the issues made by the sixth count rested upon evidence and inferences not legally conclusive, and were for the determination of the jury alone. A discussion is not now necessary.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.