(79 South. 301)
## SEAGLE v. STITH COAL CO. (6 Div. 707.)

(Supreme Court of Alabama. June 6, 1918. Rehearing Denied June 20, 1918.)

1. MASTER AND SERVANT 131—EMPLOYERS' LIABILITY ACT—PROOF OF NEGLIGENCE.

Noninsertion, in Employers' Liability Act, of provision that employé shall not be entitled to compensation under subsection, unless injury results from some impropriety or defect in rules, by-laws, or instructions, does not eliminate rule that proof of negligence in respect to subject-matter is condition precedent to recovery in actions against employer.

2. MASTER AND SERVANT 149(1) — EMPLOYERS' LIABILITY ACT — IMPROPER OR NEGLIGENT INSTRUCTION.

Improper or negligent instruction to workman by employer is essential to employer's liability under Employers' Liability Act.

3. MASTER AND SERVANT ☞265(11) — EMPLOYERS' LIABILITY ACT — BURDEN OF PROOF.

In servant's action under Employers' Liability Act, burden of proof as to allegation that instruction by reason of having obeyed which plaintiff was injured was given by person delegated with master's authority in that behalf was on plaintiff.

4. MASTER AND SERVANT ☞96(2)—INJURY TO SERVANT—INDEPENDENT CONTRACTOR—NEGLIGENCE OF SERVANT.

A master was not answerable to his servant for the acts or omissions of an employé of an independent contractor.

5. MASTER AND SERVANT ☞286(19)—SAFE PLACE TO WORK—NATURE OF WORK.

Where nature of work excluded idea of coal company's liability as alleged in injured servant's counts under common law charging company had negligently failed to furnish reasonably safe place in which to work, company was entitled to general charge as to such counts.

6. MASTER AND SERVANT ☞101, 102(1)—INJURIES TO SERVANT—LIABILITY AS TO AN INVITEE.

Coal mining company not liable as master could not be held liable to servant for personal injuries from fall of rock, as it would be to an invitee on premises.

7. MASTER AND SERVANT ☞235(9)—DUTY OF COAL MINERS—INSPECTION.

Under Acts 1911, p. 513, § 35, workmen in coal mines have burden to examine those places and conditions from which danger may be expected, including the roof of the mine.

8. MASTER AND SERVANT ☞247(3)—INJURY TO SERVANT—NEGLIGENCE.

If employé of coal mining company had inspected working place, as required by Acts 1911, p. 513, § 35, and would have discovered danger of roof, but nevertheless went under it, and was injured, he cannot recover; his own negligence having been proximate cause.

Gardner and Thomas, JJ., dissenting.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Howard Seagle against the Stith Coal Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, and A. F. Fite, of Jasper, for appellant. J. H. Bankhead, Jr., of Jasper, for appellee.

SAYRE, J. It is evident that the effort in framing the fourth count of the complaint was to state a case under that clause of subsection 4 of the Employers' Liability Act, section 3910 of the Code, which makes the employer liable when the employé's injury is caused by reason of the act or omission of any person in the service or employment of the master or employer done or made in obedience to particular instructions given by any person delegated with the authority of the master or employer in that behalf. Appellant, plaintiff below, quotes Jackson Lumber Co. v. Courcey, 9 Ala. App. 488, 63 South. 749, to the effect that the clause in question subjects the employer to liability for an injury to his employé "without regard to the presence or absence of negligence in the instructions which were obeyed." And from this proposition of law—in connection

with plaintiff's testimony tending to prove that he was injured by reason of having obeyed the particular instruction given him by one Dalton, a person delegated with the authority of defendant in that behalf, which obedience took him under the rock that fell upon and injured him—appellant draws the conclusion that the trial court erred in charging out the fourth count of his complaint.

[1] The English prototype of this act expressly declared that the employé should not be entitled to compensation under this subsection "unless the injury resulted from some impropriety or defect in the rules by-laws, or instructions," and at section 1701 of 5 Labatt's Master and Servant (2d Ed.) it is said that:

"This proviso is not inserted in the American statutes; but it is clear, both on principle and authority, that this noninsertion cannot be construed as having the effect of overruling the general rule that proof of negligence in respect to the subject-matter is a condition precedent to recovery in actions against the employer. The intention of the Legislatures is assumed to be that no liability can be predicated, unless the defendant is shown to have been culpable either in promulgating the rule in question, or in failing to promulgate a rule to meet the requirements of the case," and this we take to be sound law.

See, in this connection, Alabama Great Southern Ry. Co. v. Cardwell, 171 Ala. 274, 55 South. 185.

[2] Roberts and Wallace, Duty and Liability of Employers, 281, say of the clause under consideration:

"This part of the subsection involves consideration of the conduct of four persons—the employer, the person delegated with authority to give the instructions, the person acting in obedience to them, and lastly, the injured man. The employer may have authorized the delegate to give some definite instructions which he himself has specified, or generally to give some instructions; and those framed by the delegate himself in pursuance of his authorization will, equally with the former, come within the terms of this subsection. For these latter instructions the employer would not formerly have been liable, as the impropriety in them could not have been attributable to a personal breach of duty on his part, unless there had been negligence in the choice of the delegate. If the employer has himself definitely specified the instructions to be given by the delegate, the latter would be merely the mouthpiece of the employer for conveying the improper instructions; and the negligence would be personal to the employer, for which he has always been responsible."

It thus appears that an improper or negligent instruction is essential to liability under this clause of the subsection. And it is further apparent that count 4 of the complaint inadequately stated a cause of action under the clause.

However, demurrer to count 4 was overruled, and while it has been thought well to make the foregoing statement of our consideration of that count, the action of the court in giving the general charge for defendant on that count as framed, and counts 3 and 5 as well, is to be approved on grounds that remain to be stated.

[3, 4] Count 4 alleges that the particular instruction, by reason of having obeyed which plaintiff was injured, was given by one Dalton, a person delegated with the authority of the defendant in that behalf. The burden of proof as to this allegation was upon plaintiff. We do not find in the record evidence to take to the jury the question whether defendant by employment or otherwise delegated to Dalton the authority alleged. On the contrary, the evidence went to show only that Dalton was an employé of one Earnest—who was himself an independent contractor—so that defendant was not answerable for his acts or omissions. Warrior-Pratt Co. v. Shereda, 183 Ala. 118, 62 South. 721; Hubbard v. Coffin & Leak, 191 Ala. 494, 67 South. 697. Plaintiff, appellant, cites Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601; but it appears to us that the evidence in that case was materially different from that here shown. The conclusion here stated will serve also to answer those assignments which allege that the court committed error in charging the jury that plaintiff could no recover if his injury was the proximate result of the negligence of Dalton.

[5, 6] Counts 3 and 5 were framed under the common law, charging that defendant had negligently failed to furnish plaintiff a reasonably safe place in which to work. On the evidence, defendant was entitled to the general charge which it had as to these counts. The nature of the work being done excluded the idea of defendant's liability as alleged in these counts. Langhorne v. Simington, 188 Ala. 337, 66 South. 85; Woodward Iron Co. v. Maxey, 76 South. 913;[1] South Brilliant Coal Co. v. McCollum, 76 South. 901,[2] and cases cited. A fortiori was defendant not liable to plaintiff as to an invitee on its premises as alleged in count 6, and the trial court properly so instructed. the jury on defendant's request.

In view of the action of the trial court in peremptorily eliminating the counts noticed above, now approved upon consideration of the evidence shown in the bill of exceptions, it is not necessary to consider those assignments of error based upon the rulings which maintained the sufficiency of several pleas addressed to those counts.

[7] An act of the Legislature (Gen. Acts 1911, § 35, p. 513) provides that "every workman employed in coal mines shall examine his working place before commencing work, and after any stoppage of work during the shift, he shall repeat the examination," and the same section of the statute makes it the duty of all employés promptly to inform the mine foreman or his assistant of the unsafe condition of any working place, etc. The act puts upon workmen employed in coal mines the duty to exercise care to know the condition of their working places. Charge 40Q,

given for appellee, did no more than to repeat the rule of the statute. The act says nothing in terms about roofs, but its clear purpose is to put upon workmen in mines the burden of examining for themselves those places and conditions in their working places from which danger may be expected—in a mine, the roof of course. No consideration was given to the act in Amerson v. Corona Coal & Iron Co., supra, presumably for the reason that none was invited. That case, cited by appellant on this point, is not authority.

[8] Charge 27D, given for defendant, is not as clearly stated as it might be; but it means, in substance, that if plaintiff by the exercise of that caution imposed upon him by the statute would have discovered the danger of the roof, and nevertheless went under it and was injured, he could not recover. In that case plaintiff's omission was negligent per se, and was besides the proximate legal cause of his injury. Woodward Iron Co. v. Wade, 192 Ala. 651, 68 South. 1008.

Our conclusion to affirm the judgment in this case might probably be supported on considerations different from those stated; but no further statement is necessary.

Affirmed.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur. GARDNER and THOMAS, JJ., dissent, being of the opinion that charge 40Q was improperly given, and that the above provisions of the act of 1911 do not have application to the plaintiff who was employed only to load coal on the cars in the mine, and who testified that it was not his duty to make such inspection.