# Southern Sewer Pipe Company *v.* Hawkins.

*Injury to Servant.*

(Decided April 22, 1915. 68 South. 271.)

1. *Master and Servant; Safe Place to Work.*—While the common law duty of an employer to exercise reasonable care to furnish an employee with a reasonably safe place to work is a non-delegable duty, yet the duty of exercising reasonable care to maintain the place of work in a reasonably safe condition may be delegated, and an employer is not liable for the negligence of the employee delegated to maintain the place of work in a reasonably safe condition.

2. *Same.*—Where the place of work was made safe by the maintenance of a plank above the employee to prevent the falling of rock,

[Southern Sewer Pipe Company v. Hawkins.]

when the employee went to work, but the place was rendered unsafe during the progress of the work by the removal of the plank by some one, the employee could not, at common law, recover for injuries caused by the removal of the plank, although he had been at work but a short while.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Harrison Hawkins against the Southern Sewer Pipe Company for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating said court.

PERCY, BENNERS & BURR, for appellant.

FRANK S. ANDRESS, for appellee.

ANDERSON, C. J.—(1) The complaint contains but one count, which is brought under the common law against the master for a negligent failure to furnish the plaintiff, its servant, a safe place in which to do his work. Under the common law there is a duty upon the master to exercise reasonable care to furnish a servant with a reasonably safe place to work. This duty cannot be delegated, but the master may delegate the duty of exercising reasonable care to maintain such place of work in a reasonably safe condition. If the place of work become unsafe by reason of the negligence of the servant to whom this duty was delegated, the master is not liable. Of course, the statute enlarged the master's liability for the negligence of his servants as covered by the Employers' Act, but this complaint is not under the statute.—*Whitmore v. Ala. Cons. Co.*, 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; *Tutwiler Co. v. Farrington*, 144 Ala. 157, 39 South. 898; *Woodward Co. v. Cook*, 124 Ala. 349, 27 South. 455.

(2) The only thing from which it could be inferred that the injury of the plaintiff resulted from the unsafety of the place at which plaintiff was put to work and was hurt was a failure to have a plank or some other object so placed above the plaintiff's place of work as to prevent the falling of rock. Plaintiff testified that a plank was so kept previous to his injury, but no plank was there when he was hurt, the reasonable inference being that the rock fell on plaintiff because the plank was not then there, non constat, had the plank been where it was originally placed, the rock would not have fallen. Therefore the place was reasonably safe when the plaintiff went to work, but became unsafe after the plank was moved, and which was presumptively after he started to work for the defendant at the place in question. It is true the plaintiff testified he had only been working for the defendant a short time, but he also testified that the plank was there before he was hurt, but was not there the day he was injured. It was incumbent upon him to show that the place was unsafe when put to work, that is, that the plank was not there when he went to work. From aught that appears the plank was there when he went to work for the defendant, and was removed at some subsequent time, but before he was injured.

The trial court erred in not giving the general charge requested by the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.