# Woodward Iron Co. *v.* Boswell.

### Death Action.

#### (Decided April 5, 1917.  75 South. 3.)

1. **Master and Servant; Injuries to Servant; Instructions; Refusal.**— Where, in action for wrongful death, there was no evidence of failure to exercise reasonable care to furnish a safe place in which to work, refusal of instruction that, if it should be found that defendant had no reason to anticipate that deceased would be injuriously affected by gas, verdict should be for defendant, was error.

2. **Master and Servant; Action for Death; Safe Place to Work; Delegation.**—The duty to furnish a safe place to work cannot be delegated.

3. **Master and Servant; Action for Death; Maintaining Safe Place to Work; Delegation.**—Where master has furnished a reasonably safe place to servant, the duty of keeping the place safe is delegable.

4. **Master and Servant; Injuries to Servant; Confusing and Misleading Instructions; Refusal.**—An instruction, "If you are reasonably satisfied that gas was one proximate cause of death, then the fact, if it be a fact, that there may have been other concurrent proximate causes, will not defeat recovery," is confusing and misleading.

5. **Trial; Instructions; Matters Not in Issue; Refusal.**—Refusal of an instruction calling for comparison of duty, not presented by issues, is proper.

6. **Trial; Instructions; Requests; Matters Already Covered.**—Refusal of requested charge, amply covered by given charges, is not reversible error

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Anna Boswell, as administratrix, against the Woodward Iron Company, for damages for the death of her intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 8 is under the first subdivision of the Employers' Liability Act (Code 1907, § 3910), and declares for a defect in the furnace. Count A sufficiently appears. Count B is based upon the negligence of the superintendent, in that he negligently caused or allowed work of defendant to be done in a manner dangerous to the safety of plaintiff's intestate, whereby he was killed.

The following are the charges given for plaintiff:

(3) If the work of an employer is allowed by the superintendent to be done in a manner dangerous to an employee, and

[Woodward Iron Co. v. Boswell.]

the method used by the superintendent is negligent in respect to the safety of employees, the duty enjoined by the statute is breached, and for an injury or death resulting therefrom the employer is liable.

(4) Upon a superintendent rests the duty to exercise reasonable care to conserve the safety of the employee, and if his safety is negligently permitted to be endangered by the superintendent, the master is responsible for all injuries or death proximately resulting therefrom.

(1) If you are reasonably satisfied from the evidence that J. M. Wales was defendant's superintendent over deceased at the time of his death, then it would be negligence for him to allow such condition of things to exist as would render an accident probable through the means even of an intervening agent which due care might have foreseen.

(9) If you are reasonably satisfied from the evidence that the gas was one proximate cause of the death, then the fact, if it be a fact, that there may have been other concurrent proximate causes will not defeat a recovery.

(10) If you believe from the evidence that Mose Boswell, at the time he came to his death, was afflicted with an incurable disease, even though it would have eventually caused his death, but if you believe from the evidence that there was negligence in either of the respects named in the complaint, which proximately hastened his death, then defendant is liable for the death, notwithstanding the disease.

The following charges were refused to defendant:

(2) The law imposes no higher duty on the master to look after the safety of the servant than it imposes on the servant to look after his own safety.

(10) If you should find from the evidence that defendant had no reason to anticipate or foresee that plaintiff's intestate would be injuriously affected by gas, your verdict should be for defendant.

CABINISS & BOWIE for appellant.    McQUEEN & ELLIS and ALLEN, BELL & SADLER for appellee.

ANDERSON, C. J.— (1-3) This cause was submitted to the jury upon counts 8, A, and B.  Count A is under the common law for a failure to exercise reasonable care to furnish the intes-

tate a reasonably safe place in which to work, and the proof did not support that count. Hence the trial court erred in refusing the general charge requested by the defendant as to this count. It is the nondelegable duty of the master to exercise reasonable care to furnish a reasonably safe place to the servant, but when this is done the duty of keeping the place safe and in repair is delegable.—*Southern Sewer Co. v. Hawkins,* 192 Ala. 380, 68 South. 271, and cases there cited; *Central Foundry Co. v. Bailey,* 162 Ala. 627, 50 South. 346. From aught that appears from the proof, the furnace was safe when the intestate went to work at same, and his death, if from gas poison, as contended by the plaintiff, was proximately caused by the abnormal escape of gas, due to what is termed a "breakout," being a defect occurring after the intestate went to work, and perhaps to the additional fact that the well was uncovered at or near the place of the "breakout," and which had been previously covered.

Charges 3, 4, and 1, given at the request of the plaintiff, could have well been refused for failing to hypothesize "while in the exercise of superintendence."—*Linderman v. Tenn. Co.,* 177 Ala. 379, 58 South. 900. Moreover, given charge 1, as found on page 6 of the record, could have been well refused for the use of the word "even." Whether or not the deficiency in these charges was supplied by the oral charge, or other special charges, so as to cure the error in giving same, we need not decide, as the case must be reversed for other reasons.

(4, 5) Charge 9, given for the plaintiff, and which will be found on page 7 of the record, could have well been refused, as it is confusing and misleading, if not otherwise bad. There was no error in giving charge 10 at the request of the plaintiff. There was no error in refusing the defendant's charge marked No. 2, on page 9 of the record. It called for a comparison of duty, not presented by the issues in the case, if not otherwise bad.

We think that the record sufficiently shows that the case was tried on counts 8, A, and B, and that there was sufficient evidence to take counts 8 and B to the jury. Hence there was no error in refusing the general charge, requested by the defendant as to the whole complaint.

(6) The trial court committed no reversible error in refusing the defendant's requested charge, marked 10, on page 10 of the record. Whether good or not, it was amply covered by the given charges and the oral charge.

Dr. Dabney had testified as to the cause of the intestate's death, and it was, of course, admissible to lay a predicate to contradict him, by showing that he had previously given a certificate, or certificates, to the effect that death was caused from gas. The only predicate laid was as to whether or not he made out a certificate for the wife to be sent to an insurance company, and not another one for her to use in removing the body. It is evident that the wife's testimony as to removing the body of the intestate related to another certificate, as the one issued for the insurance seems to have been carried by the wife to Kidd, manager of the insurance company, and sent by him to Nashville. It is therefore evident that the one referred to for the purpose of moving the body was a different one, and no predicate was laid as to this one when Dr. Dabney was on the stand. On the other hand, it may be possible that she first used this certificate to move the body, and then turned it over to Mr. Kidd, the manager of the insurance company. As to this the record discloses some confusion and uncertainty, and we need not determine whether or not there was reversible error in this ruling, as the case must be reversed for other reasons, and the confusion can be avoided upon the next trial.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.