(85 South. 485)

### WOODWARD IRON CO. v. NUNN.
### (6 Div. 43.)

(Supreme Court of Alabama. April 15, 1920.)

1. **Appeal and error** &#9901;&#8651;193(5)—**Omission of averments not considered in absence of demurrer.**

In personal injury action, failure of complaint to state manner in which plaintiff sustained injuries is not available on appeal, where there was no ground of demurrer raising such point.

2. **Action** &#9901;&#8651;38(4)—**Complaint based on employer's failure to provide a safe place held not to state two distinct causes of action.**

In employé's action for injuries, based on failure of employer to provide employé with a safe place in which to work, complaint, whether regarded as attempting to charge a breach of the common law or the statutory duty, *held* not to state two separate and distinct causes of action.

3. **Master and servant** &#9901;&#8651;258(6)—**Complaint must specify acts of negligence of superintendent.**

Complaint, alleging that employé was injured through the negligence of his superintendent, without pointing out, even in general terms, any act of negligence on the part of the superintendent, *held* demurrable.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by Matthew Nunn, pro ami, against the Woodward Iron Company, for damages for personal injuries sustained in its employment. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The following is count 1:

The plaintiff, a minor under the age of 21 years, by next friend, claims of the defendant the sum of $3,000 as damages for that on heretofore, to wit, September 6, 1918, the defendant was engaged in the operation of ore mines in Jefferson county, Ala., and had in its employ the plaintiff in one of said mines, known to defendant as No. 1 ore mine, to work in and about said mine.

Plaintiff avers while he was in the discharge of his duties within the line and scope of his employment by the defendant he sustained and suffered the following injuries and damages, to wit, he had his leg broken, he was bruised and injured about and in his body and limbs, and caused to suffer great mental and physical pain, expense for medicine and medical attention and loss of time from his labors, besides inconvenience and annoyance.

Plaintiff avers that he suffered said injuries and damages by reason and as a proximate consequence of the negligence of the defendant in negligently failing to provide plaintiff with reasonably safe place in which to do his work.

Count 3 is as follows:

Adopts all of count 1 down to and including the allegation of plaintiff's injuries and damage, and adds the following: Plaintiff avers his said injuries and damages resulted proximately from the negligence of one Will Johnson, whose name is to plaintiff otherwise unknown, a superintendent of the defendant who had the superintendence of the plaintiff and the work he had to do, which said superintendent was intrusted to him by defendant, in the negligent manner in which he caused or allowed the work to be done so that certain cars, or car, ran down upon or against plaintiff, proximately inflicting said injuries and damages, which negligence was whilst he was in the exercise of his said superintendence.

Count 4 is as follows:

Adopts all of count 1 down to and including plaintiff's injury and damage, and adds the following: Plaintiff avers his said injuries and damages resulted proximately and was the proximate consequence of the negligence of one Will Johnson, whose name is to plaintiff otherwise unknown, who at said time and place had superintendence intrusted to him by defendant, and who had the superintendence of plaintiff and the work the plaintiff had to do, in negligently failing to provide plaintiff with reasonably safe place in which to do his work; the said negligence of said superintendent being whilst in the exercise of his said superintendence.

Demurrer No. 3 to said count 4 is as follows:

For that more than one cause of action is stated in the same count.

Count 7 is as follows:

Adopts all of count 1 down to and including the allegation of plaintiff's injury and damage, and adds the following: Plaintiff avers at said time and place he was engaged in and about his work, to wit, in moving a pump or piece of machinery in said mine, and at said time and place one Will Johnson, whose name is to

plaintiff otherwise unknown, had the superintendence of said work and of plaintiff intrusted to him by the defendant, and while the plaintiff was engaged in the service of defendant in the line and scope of his employment he sustained said injuries and damages by reason and as a proximate consequence of the negligence of the said superintendent whilst in the exercise of his said superintendence as aforesaid.

Nesbit & Sadler, of Birmingham, for appellant.

To be sufficient, a count must show with reasonable certainty how the plaintiff received his injuries and must be definite as to what law is invoked. 166 Ala. 437, 52 South. 38. A count under subdivision 2, § 3910, Code 1907, is not sufficient in statement of negligence by merely following the statutes. 171 Ala. 216, 55 South. 93; 171 Ala. 251, 55 South. 170; 183 Ala. 310, 62 South. 804; 183 Ala. 298, 62 South. 808; 201 Ala. 553, 78 South. 907. To recover for breach of the common-law duty to furnish a reasonably safe place to work it must affirmatively appear that the place was unsafe when plaintiff began to work there, and the duty to exercise reasonable care to maintain a safe place is delegable. 76 South. 901; 200 Ala. 555, 76 South. 913. In addition to the happening of the event causing injury, the proof must show negligence in respect to the event. 14 Ala. App. 232, 69 South. 311. It is not incumbent on a superintendent to anticipate negligence on the part of a fellow servant. 196 Ala. 45, 71 South. 406.

F. D. McArthur, of Birmingham, for appellee.

Count 1 was not subject to demurrer. 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338; 194 Ala. 300, 69 South. 937. Count 4 was good. 97 Ala. 171, 11 South. 897; 113 Ala. 509, 21 South. 415. Count 7 was good. 149 Ala. 478, 42 South. 1019. The defendant was not entitled to the affirmative charge. 1 Bailey, Personal Injuries, 229; 149 Ala. 465, 43 South. 110; 178 Ala. 588, 59 South. 503; 39 South. 619; 140 Ala. 341, 37 South. 297; 126 Ala. 568, 28 South. 646.

ANDERSON, C. J. [1] The first insistence of error in brief of counsel for appellant is that count 1 of the complaint is bad for failing to state how or in what manner plaintiff sustained his injuries, that is "whether his leg was broken by a fall, or whether by being run over by a tramcar, or the fall of rock from the roof, or any other manner." It is sufficient to say, in reply to this argument, that we find no ground of demurrer presenting this point.

[2] It is next urged that count 4 was bad for the reason that it attempts to charge a cause of action both under the common law and the statute, or does not clearly show whether the pleader is proceeding under the one or the other. We find no ground of demurrer that presents this point, if said count be defective, and which we need not, therefore decide. The only ground of demurrer which even approaches the point argued is No. 3 of the first series, and which we do not think is sufficiently apt, as count 4 does not state more than one cause of action. Whether properly stated or not, the gravamen of the cause of action was a failure to provide the plaintiff a safe place within which to work, and whether the complaint attempts to charge a breach of the common law or the statutory duty, it does not state two separate and distinct causes of action.

[3] Count 7 of the complaint was subject to the defendant's demurrer. It fails to point out, even in general terms, any act of negligence on the part of the alleged superintendent in respect to his duty while so engaged. It falls directly under the influence of Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804. See, also, Cahaba Co. v. Elliott, 183 Ala. 298, 62 South. 808; Maddox v. Chilton Warehouse, 171 Ala. 216, 55 South. 93; Southern Cotton Oil Co. v. Woods, 201 Ala. 553, 78 South. 907.

It may be conceded that the mine was not inherently dangerous when the plaintiff was placed therein by the master, and that the danger subsequently arose as the result of negligence as to delegable duties, and that the defendant was therefore entitled to the general charge as to count 1. It is sufficient to say, however, for the purpose of the next trial, that there was evidence in support of count 3 sufficient to carry the same to the jury, and which said count should suffice upon the next trial. The jury could have well inferred negligence on the part of the superintendent, Johnson, in allowing or permitting conditions which caused or permitted the cars to run back and injure the plaintiff.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.