(88 South. 659)

## WOODWARD IRON CO. v. NUNN.
### (6 Div. 288.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Master and servant** ⚖═103(1)—**Duty to provide safe place nondelegable.**

   The duty of a master to provide a safe place for his servant to work is nondelegable.

2. **Master and servant** ⚖═103(2) — **Duty to keep place in safe condition may be delegated.**

   The duty to maintain a safe place to work may be delegated by master to his servant.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Wiley· Nunn against the Woodward Iron Company, for damages for injuries to Matthew Nunn, a minor son of plaintiff, while engaged in the duties of his employment in the mines belonging to the defendant. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Nesbit & Sadler, of Birmingham, for appellant.

Defendant was entitled to the affirmative charge. 204 Ala. 190, 85 South. 485; 76 South. 901; 188 Ala. 337, 66 South. 85; 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; 202 Ala. 3, 79 South. 301; 200 Ala. 555, 76 South. 913.

F. D. McArthur, of Birmingham, for appellee.

No brief came to the Reporter.

THOMAS, J. The suit, by the father for injuries to a minor son, was based on the common-law liability of the master to the employé, stated in count 1 and count 4 as amended. The general affirmative charges requested as to each count were refused.

The suit by the injured employé against this defendant growing out of the same alleged breach of duty and injury is reported as Woodward Iron Co. v. Nunn, 204 Ala. 190, 85 South. 485, in which it is declared that—

"The mine was not inherently dangerous when the plaintiff was placed therein by the master, and that the danger subsequently arose as the result of negligence as to delegable duties, and that the defendant was therefore entitled to the general charge as to count 1."

[1, 2] The master's duty was and is to provide and maintain a reasonably safe place for its employé to work; (a) the duty to provide such a safe place being nondelegable. (b) The duty to maintain the place when so provided in a reasonably safe condition may be delegated by the master to its employé. South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 544, 76 South. 901; Seagle v. Stith Coal Co., 202 Ala. 3, 79 South. 301; Woodward Iron Co. v. Maxey, 200 Ala. 555, 76 South. 913; Langhorne v. Simington, 188 Ala. 337, 344, 66 South. 85. ·

The observation made on appeal of Woodward Iron Co. v. Nunn, supra, is sufficient to indicate that the affirmative charge should have been given as to counts 1 and 4, as requested by defendant in writing on the trial in this case.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes