191 So. 681

## PATTERSON v. JEFFERSON COUNTY et al.

### 6 Div. 587.

Supreme Court of Alabama.
Oct. 23, 1939.

Sam C. Pointer and Lawrence Dumas, Jr., both of Birmingham, for appellees.

George D. Patterson, Jr., pro se.

FOSTER, Justice.

The bill alleges that on October 14, 1939, the County Commission of Jefferson County, which is the governing body of that county, at a regular meeting passed a resolution providing for the issuance of bonds, and attached a copy of the resolution as an exhibit to the bill.

The resolution recited that it was necessary and desirable for Jefferson County to construct a hospital, and to provide funds for that purpose by issuing bonds payable solely from revenues derived from its operation, known as revenue anticipation bonds; that the bonds are to be negotiable, special

obligation, serial coupon hospital revenue anticipation bonds and payable solely from revenues derived from the operation of the hospital. The form of bonds so authorized is set out and stipulates that they are only thus payable, and do not constitute a debt of the county, and payment is not subject to be enforced out of other funds than as thus stipulated.

The bill also alleges that the county commission has filed with the Department of Finance of Alabama a petition for its consent to the issuance and sale of said bonds pursuant to the "Municipal Bond Act of 1935" (page 195), to which we have elsewhere referred as the Lee Act, and will sometimes do so in this opinion; and also pursuant to Act No. 112 of the 1939 General Acts of Alabama, approved March 7, 1939, creating the Department of Finance of Alabama.

It is then alleged that the County Commission has either complied with, or proposes to comply with, all the provisions of said Lee Act, and to issue said bonds in strict compliance with all its provisions; but that it has not called an election upon the question of whether or not it will enter upon such undertaking, and has declared a purpose not to do so; though an election is provided for in the Carmichael Act of 1933, General Acts 1933, Ex.Sess., page 100, relating to electric plants and facilities, and has not complied with an Act approved March 10, 1933, No. 46, page 22, relating to waterworks plants and facilities, and has declared a purpose not to do so; that said proposed bonds do not meet certain requirements of an Act, No. 102 of March 29, 1933, General Acts, page 88, relating to water and sewer systems and sanitary disposal plants and gas systems. And that the county commission has declared a purpose not to comply with the following Acts in addition to those named: March 10, 1933, Act No. 47, General Acts, page 29, relating to the acquisition and maintenance of sewage disposal systems in certain districts, etc.; or the Act No. 66, of 1933, Ex.Sess., page 56, relating to toll tunnels, streets and roads; or the Act, No. 264 of 1932, General Acts 1932, Ex. Sess., page 254, relating to sewage disposal plants; or the Act, No. 265 of 1932, General Acts 1932, Ex.Sess., page 264, relating to waterworks systems; or any other statute or act except such as are "identical with the provisions of the 'Municipal Revenue Act of 1935,'" Gen.Acts 1935, p. 195, and do not intend to comply with the provisions of any other act of Alabama governing the issuance of bonds by counties or municipalities.

The bill seeks a declaratory judgment as to whether:

a–1. Section 1–A of the Carmichael Act of 1933, supra, limits and must be construed with the Lee Act of 1935, supra, and Act No. 112 of 1939, supra.

b–2. Whether section 4 of the Act, No. 46 of 1933, supra, is a limitation upon or to be construed with the Lee Act, supra.

c–3. Whether section 7 of the Act, No. 102 of 1933, supra, page 88, is to be so construed.

d–4. Whether section 13 of the said Act, No. 102 of 1933, supra, page 88, is to be so construed.

e–5. Whether the provisions of any act above mentioned is to be so construed.

f–6. Whether the proposed bond issue is in conformity with the Lee Act of 1935, supra, and would be legal.

The decree answered the first five inquiries in the negative, and the sixth in the affirmative.

We think the decree of the Court reflects a proper interpretation of those acts in the light of our cases. Alabama Power Co. v. City of Scottsboro, Ala.Sup., 190 So. 412;[1] Landstreet v. City of Ft. Payne, Ala.Sup., 190 So. 420;[2] Alabama Power Co. v. City of Ft. Payne, 237 Ala. 459, 187 So. 632. We there held in substance that the legislature cannot delegate to any person the power to determine what law shall be controlling in a particular transaction. 16 C.J.S., Constitutional Law, page 342, § 133, note 28; Pridgen v. Sweat, 125 Fla. 598, 170 So. 653; Richardson v. Baldwin, 124 Fla. 233, 168 So. 255.

We have emphasized the idea that there can be but one system of laws under a single commonwealth to control the effect of a certain transaction. All laws in relation to it must be construed together forming one whole harmonious plan, none of whose provisions must conflict. If there is an irreconcilable conflict, that which was enacted last takes precedence. 59 Corpus Juris 1042, 1047, 1048. When an act contains requirements as to that transaction, they supersede requirements of previous acts which conflict with them. There is

---

[1] Ante, p. 230.

[2] Ante, p. 212.

one system of laws consistent in all respects as to a certain transaction, though that system may embrace a part or all of several enactments which may not refer to each other, but directly relate to that transaction.

Several of the acts, to which reference has been made, provide for revenue anticipation bonds to be issued by a county, and make them negotiable instruments. But the Lee Act, supra, is the only one which authorizes such bonds for the acquisition of an electric plant or hospital.

The Carmichael Act of 1933, page 100, authorizes the borrowing of money to acquire an electric system, but does not in terms provide for revenue anticipation bonds as does the Lee Act.

Other acts provide for revenue anticipation bonds for the acquisition of other facilities, but none of them apply to electric systems or hospitals.

This proposal now is for the construction of a hospital. The only requirements of law expressly relating to such an undertaking, when it is to be financed by revenue anticipation bonds, are set out in the Lee Act so far as have come to our notice.

None of the other acts have reference to revenue anticipation bonds payable solely from the operation of a hospital. But they provide for such bonds payable solely from the operation of the particular form of undertaking, specified in each such act. So that though they relate to revenue anticipation bonds they do not purport to prescribe regulations for all such bonds, but only for those payable as each such act prescribes. They are not therefore in pari materia with the Lee Act to the extent that it provides for hospital financing by a county or city, since the materia in each is to that extent different. The reference may be to revenue anticipation bonds, but they are all payable from a source different from hospital operation. They constitute separate classes for legislative regulation. That legislation need not be all embraced in a single act, but for an act to affect any one of such classes its terms should be such as to embrace that class.

Since none of the other acts to which reference has been made have a direct bearing upon the erection, maintenance, and financing of a hospital by a county, they do not affect that subject, unless they have such an indirect bearing as to make them a part of the plan or system of laws which control it. As we have said, those acts have direct reference to systems of waterworks, gas and sewage disposal, and electric systems as set out in the Carmichael Act.

But appellant takes the view that it is open to the courts to hold, and that they should hold, that since the operation of a hospital includes in the charge for that service electricity used by the guest, as well as water, and sanitary facilities, therefore it involves the operation of electric, water and sanitary systems, and should be subject to the acts regulating the acquisition and financing of such operations.

But the consumer is the operator of the hospital, as that of a hotel, the charge to the guest is affected by the use of those facilities as is also charges for taxes and other overhead expenses. He pays the same whether or not he consumes them or uses them, or any part thereof. He merely pays for the hospital service as a whole. We make these observations from the fact that they are well known to everybody, and thus argued in appellant's brief.

We are clear that the decree of the circuit court, in equity, was correct, and should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.