54 So.2d 499

**FOREMAN v. DORSEY TRAILERS, Inc.**

4 Div. 622.

Supreme Court of Alabama.

Oct. 11, 1951.

Rehearing Denied Dec. 21, 1951.

C. L. Rowe, Elba, for appellant.

Dryer & Dryer, Birmingham, for appellee.

FOSTER, Justice.

This suit comes here on a nonsuit taken by appellant, plaintiff below, on account of the adverse rulings of the court on the pleading.

Appellant has assigned as error, first, the ruling sustaining the demurrer to counts 1 and 2 as originally filed. Both of those counts were amended and count 1 was later withdrawn before the ruling which precipitated the nonsuit. Count 2 as finally amended was held to be free from the demurrer. Under those circumstances the statute, section 819, Title 7, Code, does not support a review of those rulings. Engle v. Patterson, 167 Ala. 117, 52 So. 397; Alabama Great Southern R. Co. v. H. Altman & Co., 191 Ala. 429, 67 So. 589; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Cauble v. Boy Scouts of Am., 250 Ala. 152, 33 So.2d 461.

The other assignments of error go to the ruling of the court holding that pleas IX and XI, respectively, are free from the demurrer interposed to them. That ruling precipitated the nonsuit. At the time the ruling was made, there was only one count retained, and that was count 2. Before that ruling was made, plaintiff amended both counts by striking out certain words, and then struck count 1 and again amended count 2 by striking out certain words. So that before ruling on pleas IX and XI, count 2 undertook to claim for a wanton injury to plaintiff, alleging that defendant wantonly injured plaintiff, and struck out that part of count 2 which had alleged that plaintiff "was ignorant of the qualities of said paint and of the fumes or small particles thereof which were caused to be suspended in the air of said room in the operation of said spray guns which were furnished to him by the defendant for the performance of the duties of his employment, and he was ignorant of the effect of the same on the human body and in the human system." The effect of count 2 as last amended is to state facts thought to show the breach of a duty to plaintiff in respect to his place of employment; that his employment was painting truck trailers produced by defendant, in which a spray gun was used which saturated the air with paint fumes and particles which caused lead poison, by reason of insufficient ventilation known by defendant, to have that effect upon the human body and in the human system. The count then alleges that defendant wantonly injured plaintiff by causing him to perform his duties in said room which was not safely ventilated.

■ We also call attention to the allegation in the count that plaintiff sues under the Employers' Liability Act, Code 1940, Tit. 26, § 326 et seq., for his damages. We observe here, as stated above, that such duty as defendant owes plaintiff as an employee in the respect here indicated is to exercise due care to provide a reasonably safe place in which to perform his duties. His negligent failure to do so gives rise to a simple negligence count when it proxi-

mately causes the injuries, and his wanton failure to do so gives rise to a wanton count when it proximately causes the injuries. This is a common law duty enacted by statute, section 12, Title 26, Code, and not dependent upon the Employers' Liability Act. But the designation in a complaint of the law sought to be applied is not fatal though the law so designated does not apply, but there is a law which does apply and it is controlling. It is not in the province of the litigant to designate the law which fixes his cause of action. That would be in effect legislating. Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681; Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894.

■ Except as modified by statute, a servant assumes the risk of injury caused by a fellow servant. This is the common law doctrine. Boggs v. Alabama Consol. Coal & Iron Co., 167 Ala. 251, 52 So. 878.

■ The State Employers' Liability Act, section 326, Title 26, Code, modifies this principle in so far as the negligence of a fellow servant is concerned. So that if the complaint counts on the negligence of a fellow servant, the complaint should allege the existence of matter made necessary to that end by the statute, and a general averment of negligence by a fellow servant is not sufficient. Southern Ry. Co. v. Cooper, 172 Ala. 505(8), 55 So. 211; Sloss-Sheffield Steel & Iron Co. v. Bibb, 164 Ala. 62(8), 51 So. 345; Seaboard Mfg. Co. v. Woodson, 94 Ala. 143(1), 10 So. 87; Mobile & O. R. Co. v. George, 94 Ala. 199(4), 10 So. 145.

■■ While this statute refers in terms to negligence, it also includes wantonness. Southern Ry. Co. v. Moore, 128 Ala. 434, 29 So. 659; Louisville & Nashville R. R. Co. v. York, 128 Ala. 305, 30 So. 676; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74. The statute refers to the negligence of *defendant* also as being within its influence. But if the negligence or wantonness is not that of a fellow servant, a common law duty of defendant is involved. Southern Sewer Pipe Co. v. Hawkins, 192 Ala. 380, 68 So. 271; Southern Iron & Steel Co. v. Boston, 190 Ala.

30, 66 So. 684. As to a safe place in which to work, this duty is also, as we have said, included in section 12, Title 26, Code. When that common law duty is shown by the complaint to exist, it is not necessary to make the allegations required by section 326, Title 26, supra, which are necessary when the complaint may be proven by showing the negligence of a fellow servant. The common law duty of a master to exercise due care to furnish a reasonably safe place to work is not delegable and, therefore, the fellow servant doctrine does not apply. Gentry v. Swann Chemical Co., 234 Ala. 313(3), 174 So. 530; Woodward Iron Co. v. Boswell, 199 Ala. 424, 75 So. 3; Woodward Iron Co. v. Nunn, 205 Ala. 543, 88 So. 659; Langhorne v. Simington, 188 Ala. 337, 66 So. 85; but to maintain its safety, if reasonably safe when the work began, may be delegated, Woodward Iron Co. cases, supra; Southern Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 So. 901, —and as to it the fellow servant doctrine applies. Langhorne v. Simington, supra, 188 Ala. at page 344, 66 So. at page 85.

Therefore, if the place was not reasonably safe as a place in which to work because not properly ventilated, defendant can be made liable if plaintiff's injury was caused by the negligence of a fellow servant and without the aid of section 326, Title 26, Code. The instant count charges the injury of plaintiff to the wantonness of defendant in not providing a reasonably safe place in which to work, knowing the danger to plaintiff by not doing so. It therefore undertakes to charge to the defendant the breach of a common law duty to provide a reasonably safe place in which plaintiff must work. It is not controlled, therefore, by the Employers' Liability Act of Alabama. The complaint shows that the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., does not apply.

We are remitted, therefore, to the principle of the common law to determine what defenses are available.

Pleas IX and XI, respectively, are as follows:

IX. "For further answer to each count of the complaint, separately and severally, the defendant says that the plaintiff ought not to recover in this case for that the injuries of the plaintiff resulted from an occupational disease for which the plaintiff cannot recover."

XI. "For further answer to each of said counts of the complaint, as last amended separately and severally, the defendant says that the plaintiff ought not to recover in this case notwithstanding the alleged negligence of defendant for that, prior to the occasions complained of, the plaintiff suffered from attacks of paint or lead poisoning and consulted and was treated by Dr. O. N. Edge and was warned by said Dr. O. N. Edge of his susceptibility to illness upon being exposed to the dust or fumes of paint, and was warned not to go back to work as a painter after said illness and, because of said illness and said warning, the plaintiff was aware of the danger to his health from working as a painter and knew and appreciated the danger to himself, because of his said susceptibility to illness from proximity to paint, of working in or around any painting operation, but, nevertheless, in reckless disregard for his own safety, the plaintiff voluntarily again exposed himself to said paint, proximately causing his said disability or damage."

So far as plea IX is concerned, it is no more than the general issue. An occupational disease is one not caused by the wrongful failure of defendant to provide a reasonably safe place in which to work. If the disease thereby caused was occupational, the allegation that defendant wantonly injured plaintiff is not sustained. Woodward Iron Co. v. Craig, Ala.Sup., 53 So.2d 586(6);[1] American Mut. Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677; Gentry v. Swann Chemical Co., 234 Ala. 313(3), 174 So. 530.

The question as to plea XI is whether the defense commonly known as *volenti non fit injuria*, as set up in plea XI, is available to defendant to a count charging the wanton breach of a common law duty

1. Ante, p. 37.

258

to exercise due care to furnish a reasonably safe place in which to work.

We have defined that principle as follows in our cases: "It is 'founded on the consent, expressed or implied, of the employe, with full knowledge and appreciation of obvious danger and the taking of chances of injury or escape from such threatening situation or condition under which he contracts or voluntarily undertakes to discharge his services. The implication of consent does not arise or exist unless the defect and danger are obvious—known to and appreciated by such employe.' There must be not only a knowledge of the dangerous condition, but also an appreciation of the risk resulting or which may follow. Southern Ry. Co. v. McGowan, 149 Ala. 440(6), 43 So. 378." Johnson v. Louisville and Nashville R. R. Co., 255 Ala. 581, 52 So.2d 196, 199; Robinson Mining Co. v. Swiney, 206 Ala. 617, 91 So. 476.

Plea XI refers to count 2 as charging a negligent act of defendant, and sets up a defense which may be good to such a count. But when the only wrongful act alleged in count 2 is that it was wanton, it must be treated as a wanton count. Wantonness and negligence are inconsistent claims. Louisville & Nashville R. R. Co. v. Orr, 121 Ala. 489, 498, 26 So. 35; Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Central of Georgia Ry. Co. v. Chambers, 183 Ala. 155, 62 So. 724; Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406. The ruling must be treated, as we have said, in that light on this review. That count alleges that defendant had knowledge of the effect upon the human body of said fumes and particles of paint arising from the painting operation, and with such knowledge wantonly injured plaintiff by causing him to perform his duties in said room which was not sufficiently ventilated.

We have held that it is erroneous to give a charge to the jury that if plaintiff's negligence in the respect named was the sole proximate cause of his injuries, plaintiff cannot recover on a wanton count. Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200; Seitz v. Heep, 243 Ala.

372, 10 So.2d 148; Boyette v. Bradley, 211 Ala. 370, 100 So. 647; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

The same would be true if the charge was hypothesized on plaintiff's wanton conduct. Authorities last above cited. We are here dealing with pleading, but we think the legal result is the same. Plea XI seeks to charge plaintiff with wantonness, which it alleges proximately caused his injuries, and the plea is set up as an answer to a count charging defendant with wantonness.

But *volenti non fit injuria* is assumption of risk in the nature of wantonness as the sole proximate cause or last clear chance. Johnson v. Louisville & Nashville R. R. Co., supra. As pointed out in A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511, and Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215, when each party is suing the other on a wanton count, where a collision occurred, neither suit should be defeated by plaintiff's wantonness. Under our decisions plaintiff's wantonness proximately contributing to his injuries, is not a good defense to a count charging defendant with the wanton injury of plaintiff. Alabama Power Co. v. Kendrick, supra, and other cases cited above. It is not so reasoned by all the authorities. 45 Corpus Juris 982. 65 C.J.S., Negligence, § 131. See, A. B. C. Truck Lines v. Kenemer, supra. But such is the settled law of Alabama.

In the case of Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74, there was a count charging a wanton breach of the duty enjoined by the Employers' Liability Act not to permit defective ways, works or plant to continue, containing the statutory allegations. Charge 26 was given for plaintiff, which was held to be without error. The Court held in effect that the principle of *volenti non fit injuria* was no defense to a wanton count. It is good to a count based on negligence, but not to one on wantonness. This principle is well supported. Louisville & Nashville R. R. Co. v. Orr, supra (6), page 499; Davis v. Smitherman, 209 Ala. 244(4), 96 So. 208, 211, (pleas 5 and 10, page 247). It is said in the Orr case, supra, 121 Ala. at page

499, 26 So. at page 42, that a plea which alleged "that the intestate's wantonness and deliberate exposure of herself to the danger which caused her death so contributed to that result as to bar this action," is not a good defense to a wanton count. And in the case of Davis v. Smitherman, supra, it said: "Wanton contributory negligence of the plaintiff would not justify the defendant in wantonly injuring him." In the case of Central of Georgia Railway Co. v. Partridge, 136 Ala. 587, 34 So. 927, the Court said that it was no defense to a wanton count that plaintiff was himself guilty of wanton and reckless conduct in going on said crossing in front of said train.

■ We think there was error in overruling plaintiff's demurrer to plea XI.

■ We think we should also give attention to the question argued of whether the complaint needs name the agent of defendant alleged to have been guilty of the wanton injury.

There are some cases which hold that in a suit framed under the State Employers' Liability Act, the guilty servant's name should be given. Louisville & Nashville R. R. Co. v. Bouldin, 110 Ala. 185, 20 So. 325; Southern Railway Co. v. Cunningham, 112 Ala. 496, 20 So. 639; Birmingham Railway & Electric Co. v. City Stable Co., 119 Ala. 615, 24 So. 558; Naugher v. Louisville & Nashville R. R. Co., 206 Ala. 515, 91 So. 254; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370. But they have no application to such a suit as this one which is not framed to meet the requirements of the Employers' Liability Act, as we have shown. Louisville & Nashville R. R. Co. v. Sunday, 254 Ala. 299, 48 So.2d 216; Shelby Iron Co. v. Morrow, supra; Western Railway Co. v. Turner, 170 Ala. 643, 54 So. 527.

For overruling the demurrer to plea XI the judgment is reversed and the nonsuit is set aside and the cause restored to the docket for further proceeding.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.