This is an appeal from an order granting a Rule 12 (b)(6), Ala.R.Civ.P., motion to dismiss a complaint for failure to state a claim upon which relief could be granted. We reverse.
On April 7, 1983, Johnnie Francis Fontenot, an employee of Mobile Infirmary, was injured when a hospital elevator in which she was riding dropped several floors during a power outage. It is undisputed that the injury occurred while Mrs. Fontenot was working within the course of her employment, within the meaning of the Alabama Workmen's Compensation Act, Code 1975, § 25-5-1.
Mrs. Fontenot and her husband brought separate suits against E.C. Bramlett, the vice-president and administrator of Mobile Infirmary; Montgomery Elevator Company; Alabama Power Company; and several fictitious parties, alleging negligence. Specifically, they alleged that Bramlett negligently failed to provide Mrs. Fontenot with a safe place to work and with a safe elevator. After the two suits were consolidated for trial on a motion by Alabama Power, Bramlett filed a 12 (b)(6) motion to dismiss. On April 4, 1984, his motion was granted and on June 15, 1984, the Fontenots' motion to reconsider was denied. On July 16, 1984, the trial court certified the dismissal as final, pursuant to Rule 54 (b), Ala.R.Civ.P., and the Fontenots appealed here.
The sole issue before us is whether the trial court erred in granting Bramlett's motion to dismiss. We find that it did. It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8 (f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v.Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v.Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
Where a 12 (b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v.Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile,420 So.2d 57 (Ala. 1982).
Applying this standard of review to the present case, we are not persuaded that the Fontenots would be unable to recover against Bramlett under any cognizable theory of law or under any set of facts. Quite the contrary, the Fontenots' complaint clearly sets forth a cause of action sounding in negligence, a theory upon which plaintiffs in similar actions have previously prevailed.
Code 1975, § 25-1-1, specifically provides:
 "(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and *Page 672 
the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers.
 "(b) Every employer and every owner of a place of employment, place of public assembly or public building, now or hereafter constructed, shall so construct, repair and maintain the same as to render it reasonably safe; provided, however, that nothing contained in this section shall be construed or applied so as to impose upon any such owner any duties to his tenant, the members of his family, employees, guests or invitees or others entering upon the premises under the tenant's title, or the public, not now imposed upon him by law.
 "(c) For the purposes of this section, the following terms shall have the meanings ascribed to them by this subsection:
 "(1) EMPLOYER. Such term includes every person, firm, corporation, partnership, joint stock association, agent, manager, representative, foreman or other person having control or custody of any employment, place of employment or of any employee, but the terms of this section shall not be construed to cover the employment of agricultural workers or domestic servants.
 "(2) EMPLOYEE. Such term does not and shall not include agricultural workers or domestic servants.
 "(3) SAFE and SAFETY. Such terms, applied to any employment or place of employment, place of public assembly or public building, shall mean `reasonably safe' or `reasonable safety' consistent with the lawful purpose of the use and occupancy of the place of employment, place of public assembly or public building and the inherent danger of the employment, the process, operation or situation involved, and, shall include conditions and methods of sanitation and hygiene reasonably necessary for the protection of the life, health and safety of the employees and others who are not trespassers. (Acts 1939, No. 161, p. 232; Code 1940, T. 26, § 12.)"
In accord with this statute, which is merely a codification of earlier common law, Foreman v. Dorsey Trailers, Inc., 256 Ala. 253, 54 So.2d 499 (1951), it has been recognized that, under proper facts, supervisory personnel, including corporate officers, may be held liable as co-employees for negligently failing to provide their subordinates with a reasonably safe place in which to work. Fireman's Fund American Insurance Co.v. Coleman, 394 So.2d 334 (Ala. 1980); United States FireInsurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970). Such liability may be imposed if it is proved that, as a part of their responsibilities, the defendant supervisory personnel were delegated or assumed their employer's duty to provide a safe work place or a material portion of that duty. Coleman,supra, at 336-338. As was stated by Justice Jones in a concurring opinion in Coleman:
 "The mere fact that an employee has incurred a compensable injury under the Workmen's Compensation Act, resulting from an otherwise breach of the employer's duty, does not of itself mandate liability of any particular co-employee. . . . Liability can be imposed only for the breach of a personal duty owed the injured employee. The doctrine of vicarious fault (respondeat superior) — which imposes liability upon the principal for the culpability of his agent — does not operate in reverse to impose liability, as a matter of law, upon the agent (not even a managerial employee) for the employer's breach of a duty of due care to the co-employee.
 "It is not the servant's contract with his master which exposes him to, or protects him from liability to third persons. Liability does not arise from the existence of the relation of master and servant. The servant's liability arises from his breach of a duty owed to a third person under the law to use that which he controls so as not to injure another. 57 C.J.S. Master and Servant § 577 at *Page 673 
346; see, also, Smith `Common Law Liability of Supervisory Employee to Subordinate,' 41 Ala. Lawyer
230, 238 (April, 1979).
 "Only where the employer, except for employer immunity, owes a duty of due care, the breach of which causes injury, and this duty is delegated by the employer to the co-employee defendant, or voluntarily assumed by him and the defendant breaches this duty through personal fault, can liability be imposed upon the co-employee. As in any negligence claim, the breach consists in the defendant's failure to discharge the delegated or assumed obligation with the degree of care required of a person of ordinary prudence under the same or similar circumstances.
 "Whether such failure or lack of due care is the result of misfeasance or nonfeasance is of no consequence (Carter v. Franklin, . . . 234 Ala. at 119, 173 So. 861), including the failure to act upon actual knowledge of foreseeable risk of harm to others or the lack of due care in failing to discover and avoid such risks of harm, resulting from the breach of the delegated or assumed duty with respect to such risk. When an agent has undertaken to act in the course of his employment, he will be liable for negligent performance of duties delegated to him by his employer; but, ordinarily, the employee is not responsible for failure to perform duties not delegated to him by his employer. . . . It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities. 57 C.J.S. Master and Servant § 578 n. 33, and accompanying text at 350.
 "The burden is upon the injured party to prove with specificity the defendant's delegated or assumed duty and its breach for which recovery is sought. The position he occupies, without more, cannot serve as a basis for a co-employee's liability."
Coleman, supra, at 346, 347 (Jones, J., concurring in the result). While co-employees may raise applicable defenses,Coleman, supra, at 346 (Jones, J., concurring in the result), including the lack of delegation of the above-stated duty, they are not entitled, as Bramlett contends, to the immunity provided to their employer, as a matter of law, by the Workmen's Compensation Act, Code 1975, § 25-5-11. Coleman,supra, at 336.
Furthermore, Bramlett's contention that § 25-1-1 does not provide the Fontenots with a cause of action because "the statute indicates that the duty to provide a reasonable [sic] safe work place emanates only from one's status as an `employer' or alter ego thereof" is incorrect. In essence, his argument is that the employer's statutory duty under § 25-1-1
is non-delegable and, therefore, may not be the basis for co-employee liability. While he is correct that § 25-1-1
imposes a duty to provide a safe work place upon an employer alone based solely upon his status, he apparently fails to perceive that the statute in no way prohibits the imposition of liability upon co-employees, including supervisors or corporate officers, where, as stated above, they are delegated or voluntarily assume the duty of maintaining a safe work place. As has been previously stated:
 "[C]ertain duties owed by an employer to his employees are so inherent and fundamental to the employer/employee relationship that the employer cannot escape liability to an injured employee resulting from its breach by delegating its performance to other employees and then seeking refuge in the `fellow servant' defense. It does not mean the duty in fact cannot be delegated. Indeed, within the corporate employment structure, it can be discharged only through its delegation to persons other than the employer.
 "`Nondelegable duty,' then, means that duty for the breach of which the master, despite its delegation to others, *Page 674 
is liable for resultant injuries to the employee. Otherwise, the `fellow servant' rule charges the injured employee with his co-employee's negligent performance of this delegated duty, thus insulating the employer from liability. This `non-delegable duty' concept, when applicable, imposes separate and several liability upon the employer and the tortfeasor employee in a claim by a co-employee whose injury results from the breach of such duty." (Footnote omitted.)
Coleman, supra, at 348, (Jones, J., concurring in the result).
See also Kennemer v. McFann, 470 So.2d 1113 (Ala. 1985).
Thus, in the present instance, if the Fontenots can prove that Bramlett was delegated or assumed all, or any material portion, of Mobile Infirmary's duty to provide a safe work place, thereby incurring a personal duty to provide Mrs. Fontenot with a safe place to work, and that he breached that duty, proximately causing Mrs. Fontenot's injuries, they may recover against him. While the existence of a duty on Bramlett's part is a question of law to be determined by the trial judge, Sungas, Inc. v. Perry, 450 So.2d 1085 (Ala. 1984), in this case it is a question which can only be answered after the presentation of some evidence showing either the delegation or non-delegation to him of his employer's statutory and common law duties to provide a reasonably safe work environment. A review of the record before us shows absolutely no such evidence and, therefore, no basis for the trial court's dismissal of the Fontenots' complaints.
In our view, the present complaints set forth a cognizable theory (negligence) which may, upon proof of the proper facts (proof of a duty on Bramlett's part and of a breach thereof) entitle the Fontenots to recover against Bramlett. Without some evidence that no duty or breach existed, it cannot be said that the Fontenots' complaints failed to state a claim upon which relief could be granted. Therefore, we must reverse and remand for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ.