STEAGALL, Justice.
Plaintiff, C.E. Wood, appeals from the dismissal of his action against Jim Walter Homes, Inc. His complaint alleged that the defendant’s firing of Wood constituted outrageous conduct.
It is uncontroverted that Wood, as a salesman for Jim Walter Homes, was an employee-at-will. He had worked intermittently at Jim Walter Homes for approximately 20 years. In 1987, Wood was diagnosed as having cancer. After his diagnosis, but prior to his surgery, Wood returned to work. He worked six weeks and then took a leave of absence to have his surgery. After Wood’s surgery, the defendant’s Dothan manager urged him to retire; he did so, but was rehired on a pay basis different from the one he had been on prior to his surgery. Two weeks after his rehiring, Wood was called at home by Greg Hardman, the defendant’s regional manager, who told him that his rehiring on the new pay basis violated a company policy, and he was fired.
Wood sued Jim Walter Homes, alleging outrage. Jim Walter Homes failed to answer within 30 days, and a default judgment was entered against it on November 22, 1988. After a hearing, the default judgment was set aside, and Jim Walter Homes filed a motion to dismiss, which was granted on April 3, 1989.
On appeal, Wood raises one issue, arguing that the trial court erred in dismissing the complaint. This Court has stated:
“Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained *1029 therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.”
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (citations omitted) (emphasis original).
Here, Wood made no allegation in his complaint that his termination by Jim Walter Homes in any way contravened public policy. See Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). The only outrageous act alleged by Wood was that his firing was by telephone rather than in person. This Court is not prepared to accept the proposition that such an act is “so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.” American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala.1980). There is, therefore, no theory of law or set of facts under which he could possibly prevail. The dismissal by the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.