RICHARD L. HOLMES, Retired Appellate Judge.
In April 1995 Tina Jackson (employee) filed a complaint against Tuskegee University (employer), seeking workers’ compensation benefits. The complaint stated the following, in pertinent part:
“1. That from March 1991 to the present the relationship of employer and employee has existed between [the employer] and [the employee] and during said dates [the employee] has been under the employment of [the employer] and [the employer] and [the employee] have been, during said dates, subject to the worker’s compensation laws of the State of Alabama.
“2. That while [the employee] has been so employed and engaged in the business of [the employer] and while acting within the line and scope of her employment with [the employer] in Macon County, Alabama, she suffered an injury which arose out of the course of her employment. As a proximate result of said injury, she has suffered a permanent partial disability.
“3. That a controversy has arisen as to the benefits to be paid by [the employer] to [the employee] under the worker’s compensation laws of the State of Alabama and that no settlement has been made with [the employee] by [the employer],
“4. That while [the employee] was in the employment of [the employer], from March 1991 to the present, in Macon County, Alabama, she developed bilateral carpal tunnel syndrome.
“5. That at the time of the injury, [the employee] was receiving an average weekly wage of approximately $202.00 per week.
“6. That [the employee] is a single woman with one minor child.
“WHEREFORE, [the employee] claims such benefits as she is entitled to receive under the worker’s compensation laws of the State of Alabama. [The employee] further prays that the court will take jurisdiction of this action and that notice be given to [the employer] of the filing hereof according to the law and that on final submission, worker’s compensation benefits as allowed by law will be awarded to her.”
The employer filed a motion to dismiss, which stated the following, in pertinent part:
“1. The [employee] is currently working at Tuskegee University and is therefore not entitled to any worker’s compensation benefits.
“2. All medical benefits have been provided to the [employee] and have been paid.
“3. There is nothing at issue between the parties for the court to decide. The [employee’s] suit is unnecessary.”
*1331 In February 1996 the trial court issued an order, granting the employer’s motion to dismiss. The employee appeals.
The dispositive issue is whether the trial court committed reversible error when it granted the employer’s motion to dismiss.
In Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985), our supreme court stated the following:
“It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed.
“Where a [Rule] 12(b)(6)[, Ala. R. Civ. P.,] motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.”
(Citations omitted) (emphasis in original).
In its brief the employer states the following:
“The [employee] had not missed any time from work due to her condition. She had gone to a doctor, but all medical bills had been paid. Therefore, there was no dispute about any medical bills. Neither was there any dispute about compensation benefits. Alabama Code [1975,] § 25-5-59, clearly shows that the [employee] is not entitled to any compensation where she has not missed any time from work.”
The complaint alleges that the employee is entitled to workers’ compensation benefits for a permanent partial disability resulting from her on-the-job injury. The complaint states a claim which may, upon proof of the proper facts, entitle the employee to recover from the employer. The employer’s motion to dismiss alleges that the employee is not entitled to workers’ compensation benefits because, it says, “[t]he [employee] is currently working at Tuskegee University.” There are no allegations pertaining to whether the employee missed any time from work due to her injury.
We have reviewed the 28-page record and find that the complaint and the motion to dismiss were the only pleadings. We would note that the record contains no affidavits, depositions, or other testimony. Additionally, we would note that there was some proceeding before the trial judge where oral arguments were presented by the attorneys. This proceeding was not transcribed. However, it is apparent that no testimony was presented to the trial court during this proceeding.
We find nothing in the record to support the employer’s contention that the employee is not entitled to workers’ compensation benefits because she has not missed any time from work due to her injury. Without some evidence to demonstrate that the employee has not missed any time from work, it cannot be said that the employee’s complaint failed to state a claim upon which relief could be granted.
In light of the above, the trial court erred in dismissing the complaint. Therefore, we reverse the trial court’s judgment and remand for proceedings consistent with this opinion.
•The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.